130 So.2d 520 (1961)
Odis PRENELL, Plaintiff and Appellant,
v.
Richard E. BROWN, Jr., Administrator, Defendant and Appellee.
No. 249.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1961.
*521 C. O. Brown, Alexandria, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendant-appellee.
Gold, Hall & Skye, by George B. Hall, Alexandria, for intervenor-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This is an appeal from a judgment of the Ninth Judicial District Court in and for the Parish of Rapides, Louisiana, affirming a decision of the Board of Review of the Division of Employment Security of the Department of Labor, State of Louisiana, wherein the plaintiff-appellant, Odis Prenell, was denied unemployment insurance payments on the ground that he was discharged by his employer, J & M Poultry Company, for misconduct connected with his employment. The J & M Poultry Co. intervened in the district court to oppose plaintiff's claim for unemployment.
This appeal is prosecuted under the provisions of LSA-R.S. 23:1634, as amended by Act No. 523 of 1958, which provides, in part:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *. An appeal *522 may be taken from the decision of the district court to the circuit court of appeals in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases. * * *. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court."
The written opinion of the Appeals Referee, which was affirmed by the Board of Review, recites the following facts and conclusions:
"Issue
"Disqualification for Benefits 1601(2)
"Findings of Fact
"This claimant filed a new claim for Unemployment Insurance Benefits on August 2, 1960. He last worked on July 29, 1960. He was disqualified from receiving benefits for allegedly failing to report for work as directed and upon being advised of the Agency determination he filed an appeal.
"A hearing was conducted in Alexandria, Louisiana, on September 20, 1960. The claimant appeared and the employer was represented by Mr. Robert Guillot, Office Clerk, J & M Poultry Company.
"This claimant had been in this employment, as a laborer, for approximately three years. His wages were $1.00 per hour. Because he allegedly had a `rash' on his hand, he (claimant) took a day off to care for same. He did not, however, advise his foreman or anyone else in authority that he was not going to report for work on the day in question. Claimant explained that he `took off' on a Saturday and when he reported to work on Monday, he was told of his discharge. Mr. Guillot testified that the claimant did not report for work on Saturday and gave no notice or other advice for the reason for his absence. The company therefore replaced the claimant.
"Opinion
"Section 1601(2) of the Louisiana Employment Security Law provides that a claimant shall be disqualified when discharged for misconduct connected with employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and separation from such employment must be under non-disqualifying circumstances.
"This claimant absented himself from his employment without due notice to his employer and such actions are viewed as misconduct in connection with the employment."
The Board of Review found and the record establishes that plaintiff did not tell his foreman that he would not be at work on Saturday because of the rash on his hand, despite the fact that plaintiff and all other employees had been ordered to report for work on Saturday. Plaintiff's uncontradicted testimony, however, is that on Friday the foreman "saw my hand with all the sores that was going on," and that "I didn't tell the foreman `cause I mean he saw my hand was all sore and I wasn't able to work that day or the next day." The question before us, therefore, is whether the circumstances presented here constitute "misconduct connected with his employment."
The term "misconduct" has been uniformly defined by the courts of Louisiana to mean a willful and wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to *523 show intentional and substantial disregard of the employer's interests, or of the employee's duties and obligations to his employer. Burge v. Administrator, Division of Employment Security of Department of Labor of State of La., La.App. 2 Cir., 83 So.2d 532; Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259; Yellow Cab Co. of Shreveport, Inc. v. Stewart, La.App. 2 Cir., 111 So.2d 142; King v. Brown, La.App. 2 Cir., 115 So.2d 405; In re United States Gypsum Company, La.App.Orl., 121 So.2d 362.
In Lacombe v. Sharp, La.App. 2 Cir., 99 So.2d 387, a nurse's aid was discharged by the clinic where she was employed because it was necessary for her to be absent from her work for an undetermined length of time due to serious illness in her family. Plaintiff had been absent on one previous occasion for a period of one month, and she was absent a second time for a period of 17 days. She had given advance notice to her employer that she would be absent, but did not give advance notice as to when she would return. The court of appeal held that the claimant's absence, the necessity for which was attested to by her employer, furnished no sound reason for her discharge, and accordingly that she was entitled to unemployment compensation.
In Sewell v. Sharp, supra, plaintiff's contract of employment allowed her a two-week vacation which was scheduled to begin on a specified date. Her employer requested that she postpone her vacation because of the continued illness of other employees in the same department. Plaintiff insisted upon taking her vacation as scheduled, however, because of the serious illness of her daughter, and plaintiff was not told that if she insisted upon taking her vacation she would be discharged. The court of appeal held that the circumstances presented did not constitute "misconduct" sufficient to bar plaintiff from recovering unemployment compensation.
In King v. Brown, supra, the plaintiff had been instructed to park his car in a specified location and not to bring it to the job site. Plaintiff disregarded these instructions and parked his car on a street close to the job site, and as a result of his failure to follow instructions, he was discharged from his job. The court of appeal held that plaintiff's conduct did not show a deliberate violation or disregard of the standards of behavior which the employer had a right to expect of an employee, and that plaintiff, consequently, was entitled to unemployment compensation.
In Broussard v. Administrator, Division of Employment Security, La.App. 1 Cir., 121 So.2d 268, plaintiff had been injured on the job and had drawn workmen's compensation for a period of time. When he was able to go back to work, plaintiff did not attempt to get his former job back because his employer's attitude during the time plaintiff was drawing workmen's compensation indicated that any attempt by plaintiff to get his former job back would be futile. The court of appeal held that plaintiff's failure to inquire into the availability of his former job was not a condition precedent to eligibility for unemployment compensation benefits, and that plaintiff, consequently, could not be said to have left his employment without good cause.
In Burge v. Administrator, etc., supra, the court of appeal held that the plaintiff's violation of a safety statute in the vicinity of high explosives constituted misconduct sufficient to deprive him of unemployment compensation benefits. Likewise, in Chapman v. Division of Employment Security of Department of Labor, La.App. 2 Cir., 104 So.2d 201, the court held that repeated acts of tardiness by the claimant constituted misconduct in connection with his work justifying disallowance of his claim for unemployment compensation. The conduct of the claimant in each of those cases, however, constitutes a far greater disregard of the employer's interests than does the conduct of plaintiff in the instant suit.
It has been repeatedly held by the appellate courts of this State that the Louisiana Employment Security Law falls within *524 a class of social and economic legislation which is remedial in its nature, and, as such, it should be so interpreted by the courts as to extend its benefits as far as possible within the bounds imposed by expressed legislative restrictions. Lacombe v. Sharp, supra; Sewell v. Sharp, supra. It follows, therefore, that in the case under consideration the statute should be liberally construed in favor of the employee who is seeking to obtain unemployment benefits under the Act.
Ordinarily, where an employee leaves his employment because of a temporary disability with the expectation of later returning to work, he is required to give a timely notice to his employer or otherwise manifest an intention not to abandon his employment. An employee who neglects to take such precautions to guard his job as a reasonably prudent person would take, and who is not permitted to return to his work in consequence thereof, is not entitled to unemployment compensation. Flannick v. Unemployment Compensation Board of Review, 168 Pa.Super. 606, 82 A.2d 671; Westpoint Mfg. Co. v. Keith, 35 Ala.App. 414, 47 So.2d 594, 595; 81 C.J.S. Social Security and Public Welfare § 165.
In the instant case, however, there is nothing in the record to contradict plaintiff's statements that he actually suffered from a rash on his hand, that he showed his hand to his foreman on the Friday immediately preceding his absence, and that the foreman saw that plaintiff's hand was sore and that plaintiff was not able to work the next day. The foreman was not called as a witness, so we assume that these statements made by plaintiff are correct.
Since it appears from the record that plaintiff had good cause to be absent from his employment for one day because of a skin disease induced by his work, and that the foreman was aware of plaintiff's physical condition, we conclude that plaintiff's failure to specifically inform his employer of the fact that he did not intend to work the next day did not constitute "misconduct connected with his employment," sufficient to deprive him of unemployment compensation benefits.
For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, for further proceedings in accordance with our decision herein.
Reversed and remanded.