CULPEPPER, Judge.
This is an appeal by the Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, from a judgment of the lower court holding Robert L. Green entitled to the receipt of unemployment compensation benefits. The judgment of the district court reversed the ruling of the Louisiana Board of Review which had held claimant disqualified as having been discharged from his employment under circumstances which constituted misconduct connected with his employment within the meaning of LSA-R.S. 23:1601(2).
The written opinion of the Appeals Referee, which was affirmed by the Board of Review, recites the following facts and conclusions:
“This claimant was employed as a truck driver. He had been so engaged for approximately one year and four months. His rate of pay was $1.10 per hour. On New Year’s Day the claimant was allegedly ill with a virus. He was not able to work on Monday; He *148 testified that his daughter notified the employer of his (claimant’s) inability to report for work. The daughter also allegedly again called the employer the next day, (Tuesday). The claimant was still ill on Thursday, but reported to the employer to advise that he would be in the next day (Friday). At this time the claimant was allegedly notified that he had been dismissed and when inquiring as to why, he was told that he (claimant) had alcohol on his breath. The claimant denied that he had been drinking. The employer representative stated that he discharged the claimant for repeatedly reporting to work smelling of alcohol. According to Mr. Williamson, the claimant was due to report for work on Monday, January 2, 1961, for which the claimant would have been paid time and a half inasmuch as Monday, January 2, 1961, was considered a holiday. According to Mr. Williamson the claimant did not report for work and the company did not receive any advice from the claimant or the daughter that he (claimant) would not be able to report. Mr. Williamson testified that he had to call the claimant’s home to determine why the claimant was absent. Mr. Williamson stated emphatically that he did not know why the claimant did not report for work until he (Williamson) telephoned the claimant’s home. The claimant had been allegedly warned about reporting to work with alcohol on his breath. Questioned relative to the latter allegation, the claimant admits to having been warned by the employer and had promised to stop such practices. However, the claimant maintains that there was no alcohol on his breath but rather ‘mouth wash’ of which he partook because of some bad teeth.
“Opinion
“Section 1601(2) of the Louisiana Employment Security Law provides that a claimant shall be disqualified when discharged for misconduct connected with employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and separation from such employment must be under nondisqualifying circumstances.
“The evidence indicates that the claimant absented himself from his employment without due notification to the employer. The claimant, although maintaining his daughter notified the employer, is not in a position to state that the daughter made such notification. In addition, the claimant admits to having been warned about reporting to work in a condition which made him suspect of having partaken of alcoholic beverages. He admits that he promised the employer that he would do better. Under these circumstances the discharge of this claimant is viewed as having been occasioned by the claimant’s own actions.”
In affirming the decision of the Appeals Referee the Board of Review held in pertinent part as follows: .
“The- claimant was discharged because he was absent from his job without due notification to the employer. He admits to having been warned about ■ reporting to work in a condition which made him suspect of having partaken of alcoholic beverages.
“There is sufficient evidence to sup-, port the finding that the claimant was discharged for misconduct connected with employment.”
From the above it is noted that there are two stated grounds for the finding of misconduct, first, that the claimant was absent from his job without notifying his employer and second, that he repeatedly reported to work smelling of alcohol after having been warned on several occasions.
In the recent case of Prenell v. Brown, 130 So.2d 520, 522 (3rd Cir.App.1961) this court defined misconduct as follows:
*149 “The term 'misconduct’ has been uniformly defined by the courts of Louisiana to mean a willful and wanton disregard of an employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show intentional and substantial disregard of the employer’s interests, or of the employee’s duties and obligations to his employer. Burge v. Administrator, Division of Employment Security of Department of Labor of State of La., La.App. 2 Cir., 83 So.2d 532; Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259; Yellow Cab Co. of Shreveport, Inc. v. Stewart, La.App. 2 Cir., 111 So.2d 142; King v. Brown, La.App. 2 Cir., 115 So.2d 405; In re United States Gypsum Company, La.App.Orl., 121 So.2d 362.”
Also in Prenell v. Brown, supra, this court held as follows regarding absenteeism without notice to the employer:
“Ordinarily, where an employee leaves his employment because of a temporary disability with the expectation of later returning to work, he is required to give a timely notice to his employer or otherwise manifest an intention not to abandon his employment. An employee who neglects to take such precautions to guard his job as a reasonably prudent person would take, and who is not permitted to return to his work in consequence thereof, is not entitled to unemployment compensation. Flannick v. Unemployment Compensation Board of Review, 168 Pa.Super. 606, 82 A.2d 671; Westpoint Mfg. Co. Co. v. Keith, 35 Ala.App. 414, 47 So.2d 594, 595; 81 C.J.S. Social Security and Public Welfare § 165.”
See also 48 Am.Jur. 538, Sec. 35 and 41 A.L.R.2d 1158 et seq. for a discussion and annotation on the issue of absenteeism as affecting the right to unemployment compensation.
In the instant case it is our opinion that ordinary reasonable prudence required that claimant notify his employer of the reason for his absence and his intention to return to work. The fact that claimant had been warned several times about reporting to work with alcohol on his breath and that the three days he was absent were those immediately following New Year’s Day, certainly should have caused claimant to realize that his employer would be suspicious as to the real cause of his absence. If claimant was actually temporarily disabled by virus he certainly should have taken the reasonable precaution of so advising his employer in order to guard his job.
Claimant himself apparently thought this the reasonable and prudent course of action because he testified at the hearing that he had instructed his daughter to telephone his employer on Monday, January 2, as well as the following Tuesday and Wednesday..
The Board of Review found as a fact that claimant had not notified his employer. Claimant contends that this finding of fact was not ‘-‘supported by sufficient evidence” as this term is used in LSA-R.S. 23:1634 as amended by Act 523 of 1958, which provides in part as follows :
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * * An appeal may be taken from the decision of the district court to the circuit court of appeals in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases.”
In our opinion there was clearly sufficient evidence to support a finding of fact by the board of review that claimant did not give proper notification of his absence to his employer. Claimant testified that his daughter telephoned on Monday, Tuesday and Wednesday and that his son called on Thursday. This testimony was contradicted by the employer’s witness, Mr. *150 Williamson, who was the dispatcher in charge of truck drivers. Mr. Williamson testified that finally on Wednesday he tried to call claimant to find out why he had been absent from work. He testified he talked to someone in claimant’s house, but “they didn’t tell me anything.” As the referee pointed out at the hearing, it was strange that Mr. Williamson found it necessary to telephone claimant’s house on Wednesday if claimant’s daughter had actually telephoned the employer on Monday and advised them that claimant was absent from work due to a virus.
The second grounds for .the finding of misconduct was that claimant repeatedly, and after warning, reported to work with the smell of alcohol on his breath. Here again claimant contends that there is not sufficient evidence to support this finding of fact, but we note from the record Mr. Williamson’s testimony as follows:
“Robert repeatedly showed up in the morning with alcoholic beverages smelling on his breath, smelling like a wine barrel sometimés, I assure you. And I repeatedly and repeatedly warned Robert about that.”
Claimant admitted in the following testimony, that he had been warned about reporting to. work after he had been drinking: . .
“Referee: Did Mr. Williamson speak to you about reporting to work—
“Claimant: Yes, sir, he did.
“Referee: He did?
“Claimant: Yes, sir, and I told him I had been drinking, yes, sir.
“Referee: When — How many times had he told you?
“Claimant: I told him — oh, I guess about a couple — oh, two or three months ago, about two months, before I — (unable to understand) but he had told me so much, but I didn’t believe him.
“Referee: I asked you, Robert, how many times did Mr. Williamson speak to about reporting to work with alcohol on your breath?
“Claimant: Well, I can’t — I can’t tell you how many times.”
Claimant contended that he had bad teeth and had to frequently wash his mouth with “antiseptic mouth wash” and that it was this his employer smelled on claimant’s breath rather than alcohol.
In our opinion there was clearly sufficient evidence to support the factual finding of the board of review on this issue. Having found this fact we have no difficulty in concluding further that it is misconduct for a truck driver to repeatedly, and after warning, report to work with the smell of alcohol on his breath.
The trial judge did not assign written reasons for his reversal of the board of review, but counsel for the claimant stated in oral argument before this court that the trial judge relied on Pernell v. Brown, supra. However, the Pernell case is clearly distinguishable from the instant case because there the court found claimant’s testimony uncontradicted that claimant was absent from work for one day because of a rash on his hands which he had showed to his foreman on the preceding day and that the foreman knew claimant would not be able to report to work. In the Pernell case the court held that the claimant did have good cause to be absent from work and that the employer knew the nature of this cause so that it was unnecessary for claimant to specifically inform his employer of the fact that claimant did not intend to work the next day.
For the reasons assigned the judgment of the district court is annulled and set aside and the decision of the board of review is reinstated and affirmed.
Reversed.
'On Application for Rehearing.
En Banc. Rehearing denied.