147 So.2d 452 (1962)
James H. SMITH, Plaintiff-Appellant,
v.
Richard E. BROWN, Jr., Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, Defendant-Appellee.
No. 9792.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
R. Clyde Lawton, Jr., Shreveport, for appellant.
Marion Weimer, Baton Rouge, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
HARDY, Judge.
Plaintiff, claimant for unemployment compensation benefits, brought this action for a judicial review of the ruling of defendant agency denying his claim, and appeals from an adverse judgment of the district court.
The finding of facts and the conclusion of the defendant agency's Board of Review were stated in its decision as follows:
"The claimant worked two and one-half (2½) years for the above employer earning $1.25 per hour. He testified that he was picked up for non-support of his child, for which he was guilty. He was placed in jail because he could not pay what was due his former wife *453 for the support of his child. He was released after twenty-one (21) days, and returned to his job. The employer informed him that he had been replaced and was not included in their winter crew of workers.
"The evidence, in the instant case, shows that the claimant did not report for work because he was put in jail for twenty-one (21) days for non-support of his child. He was replaced on the job and it is considered that he was discharged for misconduct connected with the employment."
We think it is pertinent to add that plaintiff, who was the only witness at the hearing on his claim, testified that he had attempted to procure the money to make the payments due from his employer and had been refused. There is no indication in the record that plaintiff was advised that he would be discharged in the event he was required to serve a term in jail, and, from a technical point of view, plaintiff never was actually discharged. The question before us is whether plaintiff's incarceration and consequent inability to report for work supports his disqualification for benefits under LSA-R.S. 23:1601(1) and (2), the pertinent portion of which provision reads as follows:
"§ 1601. Disqualification for benefits
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment."
Admittedly, the issue before us is res nova in the State of Louisiana. Learned counsel for defendant has cited authorities from other jurisdictions which are divided upon the resolution of this question.
Under the clear and unambiguous provisions of the above quoted statute, we cannot justify a conclusion either that this claimant "* * * left his employment without good cause connected with his employment"or "* * * that he has been discharged for misconduct connected with his employment."
To hold that plaintiff's involuntary incarceration constituted misconduct connected with his employment would do violence to the wording of the statute. We think it is only reasonable to conclude that the word "connected", as used in the legislative act, was intended to make a distinction between misconduct with reference to an individual's private life and misconduct arising during and related to his employment.
In the instant case there might have been any number of reasons, completely beyond the control of plaintiff, which prevented him from avoiding the penalty of incarceration for an act that did not have the slightest connection with his employment. Certainly, plaintiff did not voluntarily nor willfully absent himself from work for the period during which he was confined in jail.
The nature of misconduct within the meaning of the statute has been adequately defined by our courts, in numerous instances, as primarily constituting an act evidencing a wanton or willful disregard of an employer's interests. Sewell v. Sharp (La.App. 2d Cir., 1958), 102 So.2d 259; Gilbert v. Hub City Iron Works (La.App. 2d Cir., 1962), 137 So.2d 359; Jackson v. Brown (La.App. 2d Cir., 1961), 136 So.2d 329; Green v. Brown (La.App. 3d Cir., 1961), 136 So.2d 147; Rachal v. Brown (La.App. 3d Cir., 1961), 136 So.2d 74. In this case, there was no wanton nor willful act on the part of claimant.
It is further pertinent to observe that the Employment Security Act of this State has been recognized by our courts as constituting a remedial nature of social and economic legislation which should be liberally interpreted and applied within the bounds of the appropriate legislative restrictions. Prenell v. Brown (La.App. 3d Cir., *454 1961), 130 So.2d 520; Lacombe v. Sharp (La.App. 2d Cir., 1957), 99 So.2d 387; Sewell v. Sharp (La.App. 2d Cir., 1958), 102 So.2d 259.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed and this case is remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is ordered and directed to recognize claimant's eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law, and cause payment to be made in accordance therewith.