157 So.2d 268 (1963)
Herbert GOFF, Plaintiff and Appellant,
v.
ADMINISTRATOR OF the DIVISION OF EMPLOYMENT SECURITY OF the DEPARTMENT OF LABOR of the State of Louisiana et al., Defendants and Appellees.
No. 962.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1963.
Rehearing Denied November 20, 1963.
*269 C. O. Brown, Alexandria, for plaintiff-appellant.
Stafford & Pitts, by John L. Pitts, Alexandria, Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, Bernard Kramer, Alexandria, for defendants-appellees.
Before FRUGÉ, SAVOY and HOOD, JJ.
HOOD, Judge.
The claimant, Herbert Goff, appeals from a judgment of the district court which affirmed a decision of the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, wherein the claimant was denied unemployment compensation benefits on the ground that he had been discharged for misconduct connected with his employment. The employer, Arkansas Oak Flooring Company, and the Administrator of the Division of Employment Security oppose plaintiff's claim for these benefits.
The record shows that on June 15, 1961, plaintiff was discharged from his employment by Arkansas Oak Flooring Company. He filed a claim for unemployment compensation benefits on June 28, but pursuant to the authority granted by LSA-R.S. 23:1624 an agent of the Administrator determined that he was disqualified for such benefits for the following reasons: "You were discharged because you told your employer that you had to go home for a few hours, and returned to work three days later. This is misconduct in connection with your work."
Plaintiff appealed, and following a hearing held on August 15, 1961, the Appeals Referee affirmed the determination of the agency, concluding its formal decision as follows:
"The evidence in the instant case shows that the claimant had a record of absenteeism without advance notice to the employer. The employer's report *270 shows that the majority of the claimant's absenteeism were due to circumstances which were considered to be within the claimant's control. The claimant did not make sufficient effort to notify his employer, neither did he make sufficient effort to find any one to care for his sick wife. Under the circumstances, the claimant must be considered to have been terminated under disqualifying circumstances.
"IT IS ORDERED that the determination of the Agency be affirmed."
An appeal was then taken by plaintiff to the Louisiana Board of Review, which Board rendered a decision on September 20, 1961, the pertinent portion of which reads as follows:
"The claimant last worked for the above employer June 9, 1961, as a laborer, making $1.05 an hour. He had worked for this company for fourteen years. His wife was ill, and on the morning of June 15, 1961, he asked to take off until noon so he could find some one to care for her. He did not report back to work for a week. He contends that he could not find any one to care for his wife. When questioned about other absenteeism, he could only say that he had to take off, but could not give a particular reason. The employer representative testified that the claimant had an excessive amount of absenteeism without notice, and gave incidents which the claimant did not deny. He (employer) further contends that it takes at least ninety days to train a man on the job which the claimant was doing, and when he was absent, it disrupted their whole operations.
"The records and evidence before this Board show that the claimant did not make an effort to notify his employer, nor did he make sufficient effort to find any one to care for his sick wife. Under the circumstances, it must be held that the claimant was discharged for misconduct connected with the employment.
"IT IS ORDERED That the decision of the Appeals Referee be affirmed."
Although the Board of Review found that plaintiff left his employment on June 15 and did not report back to work for a week, the evidence clearly establishes that he last worked for the employer on June 9, 1961. He reported to work on Monday morning, June 12, but immediately obtained permission from his employer to leave the job that morning in order to find some one to stay with his sick wife. He assured his employer that he would be back at work by noon that day, and permission to leave the job that morning was granted with that understanding. He did not report back to work until Thursday, June 15, and he did not contact his employer in any way during that three-day period. His employer testified that plaintiff had "a bad, bad record of absentees," that he had warned him and fired him several times because of it, and that he had warned plaintiff "the last time" that if he continued his absences he would be replaced. Although plaintiff denied that he had a bad record of absenteeism, he admitted at least one unjustified absence which occurred prior to June, 1961.
Plaintiff contends primarily that the judgment of the district court should be reversed because the Appeals Referee and the Board of Review based their determination that he was disqualified for benefits on grounds entirely different from those on which the agency had based its original determination. He contends that the agency disqualified him solely and only because of his absence from work for the three-day period beginning on June 12 and ending on June 15, 1961, whereas the Appeals Referee and the Board of Review determined that he was disqualified for benefits because of excessive absenteeism on other occasions covering a long period of *271 time prior to June, 1961. Plaintiff maintains that at the hearing held before the Appeals Referee he was prepared to present evidence relating to the three-day absence in June, 1961, but that he was not prepared to present evidence in his behalf relating to other absences from his work.
The jurisprudence has been established to the effect that a claimant for unemployment benefits, who prior to the hearing was not given notice of the charge of misconduct upon which such denial of benefits was based, will not be denied unemployment benefits on the basis of such a charge. See King v. Brown, La.App. 2 Cir., 115 So.2d 405, and Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388.
In this proceeding, however, we think plaintiff had ample notice of the charge of misconduct and that he was not misled or deprived of an opportunity to prepare for the hearing. In the first place, it is apparent from the decision rendered by the Board of Review that the determination by that Board that plaintiff is disqualified for benefits was based on the three-day absence which plaintiff concedes he was prepared to explain, although the Board did consider prior unexplained absences to show the nature, effect or seriousness of the specific absence which plaintiff says was charged. And, secondly, even if the decision of the Board should be considered as being based on excessive absenteeism over a period of time, we think the plaintiff was given adequate notice that his bad record of absences was one of the reasons assigned for his discharge, and thus at the hearing he should have been prepared to meet that charge also.
On June 16, 1961, the day after plaintiff was discharged, his employer filed with the agency a "Separation Notice Alleging Disqualification," which notice serves as the "charge" that plaintiff is disqualified for benefits, and a copy of it was furnished to plaintiff. In that notice the employer gave the following reason for separation:
"Goff reported for work 6-12-61 and said that he must take off that morning but that he would be back before noon. He did not report again until 6-15-61. He was released because of his continued absenteeism without notice." (Emphasis added.)
Later that same month, and prior to the hearing before the Appeals Referee, the employer filed with the agency a statement setting out the "Reason for Separation from Your Employ," as follows:
"Claimant was let out because he is absent too much, I personally warned claimant that if he did it again, I was going to let him go. Please refer to Form 77. We have a list of absentees a mile long, unless he can learn to work regular no one is going to fool with him. We will answer any appeal he makes."
And, in the "Notice of Hearing Before Appeals Referee," which was the formal notice of such hearing given to plaintiff, it is stated that: "The principal issue involved in this appeal is: Reason for separation from employment."
While it is true that the "Notice of Claim Determination," which was mailed to plaintiff on July 19, 1961, shows that the agency originally based its determination only on the one three-day absence, we think the Separation Notice, the Statement of Reasons for the Separation, and the Notice of Hearing Before Appeals Referee, all of which were delivered to plaintiff prior to the hearing, clearly apprised him of the fact that he was "charged" with excessive absenteeism over an extended period of time as well as with the specific absence which occurred in June, 1961.
Plaintiff further contends that the mere fact that he absented himself from his employment from June 12 to June 15, 1961, without contacting or explaining his absence to his employer, is not sufficient to disqualify him for unemployment compensation benefits on the ground of misconduct *272 connected with his employment under the provisions of LSA-R.S. 23:1601(2). He contends that, under the facts as found by the Board of Review, the district court erred in affirming the decision of that Board. He relies principally upon the cases of Prenell v. Brown, La.App. 3 Cir., 130 So.2d 520, and Lee v. Brown, La.App. 3 Cir., 148 So.2d 321.
In Prenell v. Brown, supra, the claimant was absent from his employment for one day because of a rash on his hand. We held that his failure to notify the employer that he was unable to work that day did not disqualify him for benefits, because plaintiff showed his hand to the foreman the day before he absented himself, it was apparent to the foreman that plaintiff would not be able to work the next day, and a further explanation of his absence was not necessary. In that case we said:
"Ordinarily, where an employee leaves his employment because of a temporary disability with the expectation of later returning to work, he is required to give a timely notice to his employer or otherwise manifest an intention not to abandon his employment. An employee who neglects to take such precautions to guard his job as a reasonably prudent person would take, and who is not permitted to return to his work in consequence thereof, is not entitled to unemployment compensation."
In Lee v. Brown, supra, the Board of Review determined that the claimant was disqualified because of misconduct connected with his employment, under a finding of fact that the claimant reported to work on one occasion in an intoxicated condition. The district court remanded the case to the agency's Board of Review for additional evidence, and we affirmed the judgment of the district court. In that case we simply agreed with the district court that the evidence, as it appeared in the record, was not sufficient to support the finding that the claimant was intoxicated when he reported for work.
In our opinion, neither of the two cases just discussed are authority for granting the relief which the plaintiff seeks in this action. In the Prenell case the claimant by showing his hand to the foreman, in effect, advised his employer of the reason for his absence the following day. No such explanation was furnished in the instant suit. In Lee v. Brown we recognized that reporting to work while intoxicated on one occasion might be sufficient to constitute misconduct connected with the employment, although we felt that the finding by the Board to that effect was not supported by sufficient evidence. In the instant suit the findings of the Board of Review, with only a minor modification as to dates, are supported by sufficient evidence.
The term "misconduct," as used in R.S. 23:1601(2), has been defined as "an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees." Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259. See also Batiste v. Brown, La.App. 3 Cir., 134 So.2d 381; Rachal v. Brown, La. App. 3 Cir., 136 So.2d 74; Vandike v. Brown, La.App. 3 Cir., 139 So.2d 803; and Prenell v. Brown, supra.
We have been referred to no Louisiana case where the facts are similar to those presented here. We note, however, that in Chapman v. Division of Employment Security of Department of Labor, La.App. 2 Cir., 104 So.2d 201, it was held that tardiness on three occasions constituted misconduct connected with the employment sufficient to disqualify the claimant from unemployment compensation benefits. In LaCombre v. Sharp, La.App. 2 Cir., 99 So.2d 387, it was determined that a nurse's aid was not disqualified because of misconduct in leaving her employment for 17 days, where she first obtained leave from her employer, no definite return date was considered, and the absent period was necessary *273 due to the illness and death of one member of her immediate family and the serious illness of another. And, in Sewell v. Sharp, supra, the claimant, who because of her daughter's serious illness refused her employer's request to postpone her previously arranged two-week vacation, was held to be not disqualified because of misconduct.
The LaCombre and the Sewell cases differ from the instant suit in that in each of those cases there had been no previous unexplained or unauthorized absences, no prior warning against absenteeism, and no reason or necessity for the employee to contact his employer after leaving the job to explain why the absence was being extended.
We think the law is correctly stated in 81 C.J.S. Social Security and Public Welfare § 162, p. 247, as follows:
"Absence from work without sufficient reason, particularly in the face of warnings by the employer, may amount to willful misconduct, so as to preclude an employee discharged therefor from obtaining unemployment benefits. A chronic absence of the employee from work without notice and without permission shows a willful disregard of the employer's interests amounting to misconduct, and if the employee is discharged by reason thereof he becomes ineligible for benefits, at least, under some provisions, for a certain period of time. * * *"
And, in 48 Am.Jur., Social Security, Unemployment Insurance, etc., Section 38 (1963 Cumulative Supplement), the following language is used:
"Under statutes providing that unemployment benefits are to be denied or delayed to one whose unemployment results from discharge for wilful misconduct, persistent or chronic absenteeism, at least where the absences are without notice or excuse, and are continued in the face of warnings by the employer, constitutes wilful misconduct within the statute."
In the instant suit the plaintiff obtained permission to leave his job for only a few hours. He did not report back to work at the time agreed upon, and he made no attempt to contact his employer during his three-day absence to explain his failure to return or to advise when he expected to do so. He had a bad record of prior unauthorized and unexplained absences, and he had been warned by his employer that he would be replaced if his absences continued. Plaintiff had been trained for his job, and his failure to report for work at the agreed time disrupted the employer's entire operation.
Although plaintiff's absence may have been justified because of the serious illness of his wife, we think his failure to contact his employer at some time during that three-day period to explain his continued absence and to indicate when he would be able to return to work was not justified. In our opinion, the failure of plaintiff to contact his employer during his absence, under the circumstances presented here, constituted a wanton disregard of the employer's interests and a disregard of the standards of behavior which the employer has a right to expect of his employees. We agree with the district court, therefore, that plaintiff is disqualified for unemployment compensation benefits because of misconduct connected with his employment.
For the reasons herein assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.