TATE, Judge.
The claimant was denied unemployment compensation by the state agency administering the matter. The agency held that the claimant • was not entitled to benefits because he had been discharged for “misconduct connected with his employment”, LSA-R.S. 23:1601(2), a statutory ground for benefit-disqualification.
The trial court dismissed the present suit brought by the plaintiff to obtain judicial review of this agency ruling. The claimant appeals.
The undisputed facts giving rise to the claimant’s discharge are the following: He was arrested at work for an offense committed while off duty. Subsequently, he was sentenced and jailed for 21 days. Upon his release, he returned to his employer, but he had in the meantime been replaced by another employee.
As recently decided by our brothers of the Second Circuit under similar facts, the involuntary incarceration of an employee for an off-duty offense does not constitute “misconduct connected with employment" so as to be within the statutorily so limited reason for disqualification. Smith v. Brown, La.App. 2 Cir., 147 So.2d 452.
As there stated at 147 So.2d 453: “To hold that plaintiff’s involuntary incarceration constituted misconduct connected with his employment would do violence to the wording of the statute. We think it is only reasonable to conclude that the word ‘connected’, as used in the legislative act, was intended to make a distinction between misconduct with reference to an individual’s private life and misconduct arising during and related to his employment.
“In the instant case there might have been any number of reasons, completely beyond the control of plaintiff, which prevented him from avoiding the penalty of incarceration for an act that did not have the slightest connection with his employment. Certainly, plaintiff did not voluntarily nor willfully absent himself from work *181 for the period during which he was confined in jail.
“The nature of misconduct within the meaning of the statute has been adequately defined by our courts, in numerous instances, as primarily constituting an act ■evidencing a wanton or willful disregard of an employer’s interests. * * * [Citations •omitted.] In this case, there was no wanton nor willful act on the part of claimant.
“It is further pertinent to observe that the Employment Security Act of this State has been recognized by our courts as constituting a remedial nature of social and economic legislation which should be liberally interpreted and applied within the bounds of the appropriate legislative restrictions. * * * [Citations omitted.]”
Cf. also, Annotation, Conduct or activities •of employees during off-duty hours as misconduct barring unemployment compensation benefits. 89 A.L.R.2d 1089.
The trial court did not herein apply the ruling in the cited Smith case, feeling it to be in conflict with the decision of the present court in Gladson v. Brown, La.App. 3 Cir., 134 So.2d 660.
In Gladson, we held an employee disqualified from compensation benefits because he left suitable employment without good cause connected with his employment. The employee was jailed for non-support for a month after he had been hospitalized for over two months, neither of which absences from work were connected with his employment.
The feature distinguishing the Gladson decision from the present facts, however, is that Gladson did not contact his employer at any time during his absence over the three-month period. We therefore found that he had vacated and abandoned his job and was not entitled to unemployment benefits.
 Basically, this was because an employee is deemed to vacate his job when he leaves it without proper notification to his employer of the reason for his absence. Green v. Brown, La.App. 3 Cir., 136 So.2d 147. However, no formal notification to the employer of the reason for the employee’s absence is required when, as in the present facts, the employer already has knowledge that the employee will be absent for such cause, which was gained at the time the employee left work or by other means. Barber v. Lake Charles Pipe & Supply Co., La.App. 3 Cir., 148 So.2d 326; Prenell v. Brown, La.App. 3 Cir., 130 So.2d 520.
We must remember that “unemployment compensation is not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state and of the family”, Turner v. Brown, La.App., 134 So.2d 384, 386, by relieving the family distress and the menace to the public welfare occasioned through unemployment of the individual worker, LSA-R.S. 23:1471. In accordance with the liberal interpretation enjoined by the legislature to effect the purposes of the act, LSA-R.S. 23:1471, disqualifying misconduct requires an intentional or deliberate wrongful act in substantial disregard of the employer’s interest — it does not ordinarily include incidents affecting the employment relationship which arise or result from circumstances beyond the employee’s control, Horns v. Brown, 243 La. 936, 148 So.2d 607, such as the present employee’s involuntary absence due to incarceration for actions not connected with his employment.
For the reasons assigned, we therefore find that the claimant-appellant is entitled to the unemployment compensation benefits for which he makes claim. The judgment appealed from is therefore annulled and set aside, and the case is remanded to the Board of Review, Division of Employment Security of the Louisiana Department of Labor, for further proceedings in accordance with our decision herein.
Reversed and remanded.