CULPEPPER, Judge.
After being discharged by his employer, Cities Service Oil Company, plaintiff sought unemployment compensation. The Board of Review of the Louisiana Department of Employment Security found the claimant disqualified for misconduct connected with his employment. In proceedings for judicial review, LSA-R.S. 23:1634, the district court affirmed the decision of the board. The claimant has now appealed.
The Findings of Fact and Opinion of the Board of Review are as follows:
“EVIDENCE
“The evidence shows that the claimant, William V. Jackson, worked for Cities Service Oil Company, Lake Charles, Louisiana, approximately thirteen (13) years. At the time of the separation, he was earning $3.98 an hour and was a *463 member of Operating Engineers Union Local 407 of Lake Charles, Louisiana. On January 6, 1969, this union, with others, went on strike and picket lines were set up at the establishment where claimant was employed. The work contract between the employer and the claimant’s union had expired and another contract was not entered into until January 20, 1969. On the evening of January 13, 1969, the claimant was at the main entrance of his employment where the union picket lines were set up. The claimant, William Jackson, was not walking the picket line at this time. However, during the time the claimant was at the picket line as a spectator, two men of supervisory capacity, drove in and out of the entrance several times. This annoyed the claimant, as they were talking as they passed and looking at the claimant. The claimant could not hear or did not know what they were saying. When the two employees of supervisory capacity crossed the picket line on the way out of the plant, the claimant followed these men in his car. The two men he was following were in a company-owned vehicle. The claimant followed these men for several miles into Lake Charles. At the first traffic signal, where the cars had to stop due to traffic signals, the claimant bumped the company car in front of him. His reason for bumping this car was as an excuse that possibly the driver of the car would get out and he would get to talk to the men to learn what they were saying when they passed in and our (sic) of the picket line. They made several blocks and each time, the claimant would bump the company car. The occupants of the company car telephoned the police by means of a radio-telephone in the car, and asked that this person be apprehended. Shortly, a police car came and the man was searched, and was taken to the police station. The occupants of the company car did not know the claimant and said they had not seen him before, and would not recognize him under no (sic) conditions. The claimant was discharged for misconduct.
“Opinion
“R.S. 23:1601(2) provides that a claimant shall be disqualified when discharged for misconduct
“connected with employment. * * *
“After having read the testimony and evidence presented in this case, the Board of Review finds that the claimant was not on picket duty and was not walking the picket line when this incident happened. We also find the claimant followed two employees of management, and purposely bumped the occupants (sic) car several times. The occupants of the car did not know who was following them, or what his purpose was. We feel that these two men acted as any two normal men would after a car had followed them for several miles and continued to bump their car at each stop sign. We feel they were fortunate in having a radio-telephone in their car. The claimant knew these men were employees of the company. Further, he knew they were driving a company-owned car and he intimidated them to the extent that they notified the police.
“It is the opinion of this Board that although the claimant was on strike, along with all other members of Local 407, the company had not issued termination slips to any of the employees on strike; therefore, the employee-employer relationship had not been severed, and although the claimant was on strike, he was still considered an employee of this company.
“For the aforementioned reasons, 'this Board must conclude that the claimant is guilty of misconduct connected with his employment within the meaning of the Act.”
The claimant first contends he wás not guilty of misconduct. Essentially, the argument here is that plaintiffs work had *464 been satisfactory for 13 years and this single hot-headed incident, which occurred under the tension and stress of a strike, should not be construed as “misconduct” under the statute. Furthermore, the claimant contends that even if he was guilty of misconduct, it was not connected with his employment. The argument here is that the alleged misconduct occurred during off-duty hours, at a place approximately 7 miles from the work premises, and was related exclusively to his private life rather than to his employment.
Guidelines controlling our decision are set forth in Grimble v. Brown, 247 La. 376, 171 So.2d 653 (1965). In that case a truck driver became intoxicated during off-duty hours. While driving his own car he was arrested for drunken driving. This culminated in conviction and loss of his driver’s license, which rendered him unable to continue in his employment. The court had no difficulty in concluding “the commission of an act constituting a criminal offense (drunken driving) is misconduct.” Under this holding, it is clear that the actions of the claimant in the present case constituted misconduct. Here, the claimant not only violated the law, by repeatedly driving his car into the rear of his employer’s vehicle, but he did so willfully, intentionally and in disregard of the safety of its occupants.
The only serious issue in Grimble was whether the misconduct was connected with the employment. Claimant relied on Smith v. Brown, La.App., 147 So.2d 452 (2d Cir.1962), where the claimant was sentenced to jail for nonsupport, and Smith v. Brown, La.App., 162 So.2d 179 (3d Cir. 1964), where the claimant was sentenced to jail for carrying a concealed weapon. In the Smith cases the respective Courts of Appeal held the misconduct occurred during off-duty hours, away from the work premises, and was therefore not connected with the employment. Our Supreme Court expressly overruled the decisions in the Smith cases and held it is not necessary that the act of misconduct occur during working hours or in the course of employment. The court then cited one of its earlier cases and stated the applicable law as follows:
“In Horns v. Brown, 243 La. 936, 148 So.2d 607, this Court, in considering whether an employee who ‘permitted’ garnishments against his wages in violation of his employer’s policy was disqualified from receiving unemployment compensation * * for misconduct connected with his employment * * *’, cited approvingly the statement in 48 Am. Jur. Verbo Social Security, Unemployment Insurance, etc., Section 38, page 541 of the interpretation enunciated by the tribunals of other jurisdictions of this provision of the law, as follows:
“ ‘Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree of recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. * * *’ (Emphasis ours).”
Applying the quoted rule of law to the facts of the present matter, it is clear that the misconduct was connected with the employment. Here the claimant knew that the vehicle which he repeatedly struck was owned by his employer and occupied by its supervisory personnel. Claimant’s actions showed a willful disregard for the property of his employer and the safety of its employees. It necessarily follows that claimant’s misconduct was in willful disregard of the employer’s interest and the stand *465 ards of behavior which the employer had a right to expect of its employee.
The claimant attempts to distinguish the Grimble case on the grounds that there the employee’s ability to perform his truck driving duties was affected by the revocation of his driver’s license, whereas here the claimant’s ability to perform his duties has not been affected by the misconduct. This argument has no merit. Actually, we think the connection with employment is stronger in the present case than in Grim-ble. In Grimble the claimant was arrested for drunken driving during off-duty time. The only relationship between this offense and Grimble’s employment was that his driver’s license was revoked and he was unable to drive a truck. In the instant case the connection with employment is much closer. The misconduct consisted of an intentional act of physical violence against the employer’s property and employees. Here, there is a direct connection between the misconduct and the employment.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
En Banc. Denial of claimant’s application for rehearing