GARRISON, Judge.
This is an appeal from a district court judgment affirming the holding of the Board of Review of the Office of Employ *432 ment Security, granting unemployment compensation to Janet Pagart as a result of her termination of employment with Leonard B. Hebert, Jr. & Co., Inc. We incorporate the findings of the Board of Review as our own.[1]
“The claimant worked for the above-mentioned employer for approximately one year and ten months as an Estimator’s Assistant. She normally worked from 8:00 A.M. to 5:00 P.M., Monday through Friday. At the time of her separation she was earning. $185.00 per week.
“The claimant was absent from work, May 29, 1978 until June 5, 1978, for personal illness. On June 5, 1978, the claimant attended a meeting with Mr. Leonard B. Hebert and Mr. Jim W. Smith, President and Vice-President respectively. In this meeting the claimant requested a leave of absence because of medical problems and other personal problems which she was now experiencing. During the course of the meeting, Mr. Hebert told the claimant that she could work part-time and as many hours that she felt she could work on any given day. In addition, she was told she could take as much time as she needed to get. her problems, medical and personal, straight. The claimant expressed to Mr. Hebert she would try to report the following Monday; however she was unable to do so. During the month of July, 1978, the claimant contacted her employer and spoke to Mr. Hebert, and at this time she was informed by him that they had hired a replacement for her job.”
sf: sfc sf :}; sfc
“After carefully reviewing all of the testimony and evidence in this case, it is clear to the Board that the claimant’s unemployment was brought about because she was experiencing personal illness and personal problems. The Board further finds that the claimant did contact her employer in regard to a leave of absence and was then assured that she could arrange her work hours in any fashion that she desired in order to get her problems corrected.
“Due to the aforementioned, this Board must conclude that the claimant did not quit her job but was replaced while on approved leave of absence and at the convenience of her employer.”
Plaintiff-appellant argues that the grant of unemployment compensation should be reversed on the basis of Goff v. Administrator of Division of Employment Security, 157 So.2d 268 (App.3rd, 1963) and Prenell v. Brown, 130 So.2d 520 (App.3rd, 1961). We do not agree.
In Goff, the claimant asked for a morning off in order to find someone to care for his sick wife; he did not return to work until a week later. During this period of time, the claimant neither notified his employer nor made efforts to find someone to care for his wife. Additionally, the claimant had a long history of excessive absenteeism. In Goff, the claimant was released because of excessive absenteeism, hence he was disqualified for unemployment compensation benefits. He was not on an approved leave of absence granted by his employer.
In Prenell, the claimant’s hand began to develop a rash on Friday. The foreman was notified of this fact on the same day. The claimant, who was scheduled to work on Saturday, neither reportedofor work nor notified his employer on Saturday. On Monday, claimant reported for work only to be told that he was discharged. In Prenell, the court found that claimant’s failure to specifically inform his employer of the fact that he did not intend to work on Saturday did not constitute “misconduct” sufficient to deprive claimant of unemployment compensation.
Both Prenell and Goff cite the case of Lacombe v. Sharp, 99 So.2d 387 (App.2nd, 1957), which we find controlling.
In Lacombe, the claimant was granted a leave of absence without a specific return *433 day. She was absent from her employment pursuant to the leave for a period of approximately 18 days, during which she did not contact her employer to set a return date. When she reported for work, she was notified that she was discharged. The court stated that the claimant’s reason for absence was “real and compelling, even though of a purely personal nature, (at 390)” finding that family obligations furnish real and compelling reasons for temporarily leaving employment. The court further found that:
“Perhaps the most that can be said as to the fault, if any, of claimant, is that her failure to notify her employers at a time of emotional stress was an act of thoughtlessness. We cannot classify such an act as misconduct within the meaning of the statute . . . ” At 390.
The court granted, unemployment benefits to the claimant.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.

. LSA-R.S. 23:1634 expressly provides that in the absence of an issue of fraud the judicial review of the findings of the Board of Review is limited to a determination of whether the findings of fact are supported by the evidence.