531 So.2d 291 (1988)
Simmie SLEDGE, Plaintiff-Appellant,
v.
George WHITFIELD, Administrator of the Louisiana Office of Employment Security and Holiday Grill, Defendant-Appellee.
No. 19688-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Iverson and Amman by D. Milton Moore, III, Monroe, for plaintiff-appellant.
Office of Employment Security by V. Broussard Guillory, Baton Rouge, for defendant-appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The claimant, Simmie Sledge, appeals a district court judgment affirming his disqualification from receiving unemployment compensation benefits. We affirm the judgment of the district court.

FACTS
For approximately five years the claimant was employed as a cook at the Holiday Grill in Monroe, Louisiana. On July 4, 1986, he failed to report to work as scheduled. The following day, Bernice Roye, the *292 manager of the Holiday Grill, informed the claimant that his employment was terminated due to absenteeism after warnings.
The local agency found that the claimant was discharged for misconduct connected with the employment pursuant to LSA-R.S. 23:1601(2). Thus, the claimant was disqualified from receiving unemployment compensation benefits. On September 16, 1985, the Appeals Referee conducted a hearing at which the claimant and Ms. Roye testified.
In his findings of fact, the Appeals Referee found that the claimant was scheduled to report for work at 11:00 p.m. on July 4, 1986. Two or three hours before his shift, the claimant called and spoke to one of his fellow employees to recount that his mother was ill. The person to whom he spoke told him to come to work if he could. However, he did not report for work that night, and he did not call in again to report his absence to his employer. The claimant called Ms. Roye the following day, and she informed him of his discharge.
The Appeals Referee further found Ms. Roye had warned the claimant about his attendance on more than one occasion. Ms. Roye testified that the claimant had also been warned about reporting for work under the influence of alcohol and about calling in only ten minutes before the beginning of his shift. However, these difficulties were not given as a reason for the claimant's discharge.
The Appeals Referee and, subsequently, the Board of Review, affirmed the claimant's disqualification.
On November 14, 1986, the claimant filed a petition for judicial review in the district court. The Office of Employment Security filed an answer in which it recommended reversal of the decision of the Board of Review. The district court affirmed the Board's decision in a judgment signed on September 17, 1987.
The claimant appealed. He urged the following assignments of error: (1) The district court erred in finding that the employer presented sufficient legal and competent evidence to support a finding of misconduct; and (2) the district court erred in its application of the standards for judicial review set forth in LSA-R.S. 23:1634. The Office of Employment Security again recommended reversal of the assessment of disqualification.

SUFFICIENCY OF EVIDENCE
Judicial review in unemployment compensation proceedings is limited by LSA-R.S. 23:1634. A reviewing court must determine: (1) whether the findings of fact by the Board of Review are supported by sufficient evidence; and, if so, (2) whether the decision of the Board of Review is correct as a matter of law. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Harris v. Administrator, Louisiana Office of Employment Security, 480 So.2d 886 (La.App.2d Cir.1985), writ denied 481 So.2d 1338 (La.1986).
The claimant argues that the employer failed to present sufficient legal and competent evidence to support the factual findings of the Board of Review. We find this assignment of error to be without merit.
In the instant case, the evidence demonstrates that the claimant had a previous record of absences. According to the employer's time sheets for 1986, which were filed into the record, the claimant failed to call in or report for work on four occasions: Saturday, February 22; Saturday, April 12; Friday, May 30; and Friday, July 4. These absences were reported as "no shows." On two occasions, the claimant was absent, but he called his employer: Tuesday, March 25; and Tuesday, April 8.
Ms. Roye testified that she warned the claimant about his absences numerous times, and that she informed him that his job was in peril. She stated that when the claimant provided explanations for his absences, they generally concerned either his elderly mother or problems with his leg. Additionally, Ms. Roye testified that when the claimant failed to report for work on July 4, 1986, she called the house of the claimant's mother but "he was not there."
Despite the claimant's denials at the hearing that he had been warned about his *293 absenteeism, the record contains admissions by the claimant to the contrary which corroborate Ms. Roye's testimony. Agency exhibit number 7 is a printed form entitled "CLAIMANT'S STATEMENTDISCHARGE," which was completed and signed by the claimant. The form, which was dated "7-28-1986 [sic]," contain the following queries and responses:
HAD YOU BEEN WARNED ABOUT YOUR CONDUCT? YES(X) NO()
IF YES, WHEN AND HOW OFTEN? 3 TIME [sic]
The Appeals Referee's findings of fact reflect that the issue of credibility was resolved in favor of Ms. Roye. This is apparent from the Appeals Referee's recitation that the claimant had spoken to another employee on July 4, 1986 (although the claimant testified that he had spoken to Ms. Roye), and the finding that the claimant had been warned by Ms. Roye about his absences on more than one occasion. The Appeals Referee, who observed the witnesses, obviously accepted Ms. Roye's account of the events leading to the claimant's termination.
The Appeal Referee's credibility determination is supported by the evidence, particularly in view of the incompatibility of the claimant's prior statement in which he admitted being warned by his employer about his absences and his testimony at the hearing in which he denied being warned.
The evidence in this matter, especially Ms. Roye's testimony as to the claimant's absences and the warnings, combined with the claimant's own admissions, convince us that the findings of fact by the Board of Review were supported by sufficient competent evidence.

WILLFUL MISCONDUCT
In his second assignment of error, the claimant contends that the trial court failed to apply proper standards for judicial review. More specifically, the claimant contends that his conduct, as found by the Board, cannot be categorized as misconduct as a matter of law. The claimant argues that the record is devoid of any evidence of intentional wrongdoing.
An unexcused absence from work, and a failure to timely notify the employer, can be disqualifying misconduct if a wrongful intent is established. Gunderson v. Libbey Glass, 412 So.2d 656 (La. App.2d Cir.1982); Carter v. Blache, 476 So.2d 873 (La.App.2d Cir.1985). Absence from work without sufficient reason, particularly in the face of warnings by the employer, may amount to willful misconduct so as to preclude an employee discharged therefor from obtaining unemployment compensation benefits. Chronic absence of the employee from work without notice and without permission shows a willful disregard of the employer's interest amounting to misconduct. Goff v. Administrator of Division of Employment Security, 157 So.2d 268 (La.App. 3rd Cir. 1963); Gunderson, supra; Neal v. Whitfield, 476 So.2d 911 (La.App.2d Cir.1985); Harris v. Administrator, Louisiana Office of Employment Security, supra.
The lack of any prior unexcused or unexplained absences, and the lack of any prior warnings from the employer, have been deemed controlling factors negating the existence of intentional conduct. Goff, supra; Carter, supra.
In Goff, supra, an employee secured permission to be absent from his job for a few hours in order to find someone to stay with his sick wife. However, he thereafter failed to report back to his employer for three days, and his employer terminated his employment. The employee had a bad record of absences, and had previously been warned. The court found that, while the employee's initial absence may have been justified by the serious illness of his wife, the failure to contact the employer to explain his continued absence and to indicate when he would return was not justified.
The principles announced in Goff are applicable here. The record revealed that the claimant had been a "no show" on several weekends prior to his discharge. Each of the "no shows" was on a Friday or Saturday night. On these occasions he did not call or obtain permission to be absent. He *294 was repeatedly warned that his job was in jeopardy as a result of these unexcused absences. On the night prior to his discharge, although he apparently called and spoke to an employee at the Holiday Grill, claiming that he had to stay with his sick mother, there is no indication that this employee had the authority to excuse the claimant from work. At any rate, upon learning that the claimant had called in, Ms. Roye attempted to contact him. Upon calling his mother's home and finding that the claimant was not there, it became clear that the claimant's excuse for missing work was a subterfuge. He was terminated the next day. In light of the prior unexcused absences and warnings, it is apparent that the claimant was guilty of intentional wrongdoing which constituted misconduct connected with his employment. The trial court was correct in denying his claim for unemployment compensation benefits.

CONCLUSION The trial court judgment upholding the claimant's disqualification from receiving unemployment benefits is affirmed.
AFFIRMED.