EDWARDS, Judge.
This is an appeal from a judgment sus,-taining an exception of no cause of action and dismissing plaintiffs’ suit. We affirm.
Plaintiffs are the children of Mrs. Beatrice Hainsworth and Mrs. Fannie Matthews, two named legatees of Beulah E. Moore, the decedent-testatrix. Both Mrs. Hainsworth and Mrs. Matthews predeceased the testatrix.
Plaintiffs instituted this suit for a declaratory judgment to be recognized as the owners by representation of the bequests made by the testatrix to their ancestors. The trial court sustained an exception of no cause of action filed by the executor of the testatrix’s estate.
The olographic will of the testatrix states, in pertinent part:
. “I direct that said properties (8776 and lot) be sold at private sale and the proceeds distributed as follows: one half to my deceased husband’s (J. B. Moore’s) sisters: Mrs. Beatrice Hainesworth (sic) and Mrs. Fannie Matthews, share and share alike . . ”
The will contains no provision transmitting the bequests in the event the named legatees should die before the testatrix.
In this instance, the law and jurisprudence are clear that a legacy becomes without effect if the legatee predeceases the testatrix. LSA-C.C. art. 1697. The lapse of a legacy due to the prior death of the legatee causes the legacy to fall into the residuum of the testatrix’s estate and does not go to the heirs of the predeceased legatee by representation or otherwise. LSA-C.C. art. 1709. See, Succession of Higgins, 275 So.2d 447 (La.App. 4th Cir. 1973).
Plaintiffs therefore have no cause of action to recover the lapsed legacies.
Similarly, we find that plaintiffs have no legal basis upon which to seek a reconstruction of the testatrix’s will, as there is no ambiguity in the wording of the will. LSA-C.C. art. 1712.
For the reasons assigned, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.