372 So.2d 756 (1979)
Martin S. WHITE
v.
Joseph GERACE, Administrator of the Louisiana Department of Employment Security, and Avondale Shipyards.
No. 10197.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied July 12, 1979.
*757 New Orleans Legal Assistance Corp., Catherine L. LaFleur, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stephen D. Ridley, New Orleans, for defendants-appellees.
Before SAMUEL, BOUTALL and BEER, JJ.
BEER, Judge.
Appellant, Martin S. White, had been employed for approximately nine months as a rigger with Avondale Shipyards when he was discharged on May 27, 1977, allegedly as a result of unexcused absenteeism. He applied for and began to receive unemployment compensation (based upon an initial determination that he had been discharged for nondisqualifying reasons). The employer appealed this determination, and, on July 28, 1977, after a full hearing, the Appeals Referee reversed the initial determination. White appealed, and the Board of Review concluded that the recording of the initial hearing was inaudible and remanded for a rehearing, which took place before a different hearing officer on November 10, 1977. That officer also reversed the initial determination, and the Board of Review affirmed.
On November 28, 1977, White sought judicial review of the Board's affirmance. After hearing, the Civil District Court for the Parish of Orleans affirmed the Board of Review. White appeals. We affirm.
The record supports a conclusion that White failed to call in or otherwise notify his employer of his absence on the 25th and 26th (and, very likely, on the 27th also) of May, 1977. Absence on consecutive working days without calling in or without permission is "Major Offense No. I" in Avondale's employee guide, which White admitted having received and read.
*758 Though White's able counsel argues that the Avondale records which support the unexcused absences do not fall within the Business Records exception to the hearsay rule, the record before us supports the conclusion that such records were regularly kept in the course of business by the company timekeeper, who was also the designated person to be contacted in the event of absence from work.
In Lambert v. Heirs of Adams, 325 So.2d 331, 335 (La.App. 3rd Cir. 1975), the court, quoting from 21 La.L.Rev. 449 at 459-60 (1961), observed:
"The modern Louisiana cases can be summarized as follows. Records of industrial and commercial organizations, as well as medical reports and hospital records are admissible as proof of their assertions if: (1) persons concerned with recording the information are unavailable for testimony, or production of such persons would be a needless burden; (2) the first collected record available to or usable by the court is introduced; (3) the records are identified at the trial by one familiar with the bookkeeping procedure; and (4) the evidence seems reliable after considering such factors as (a) contemporaneousness of the entry with the occurrence or fact recorded, (b) first-hand knowledge of the entrant, (c) existence of a business or professional duty to record or report the facts in the regular course of business, (d) completeness and honest appearance of the books, (e) absence of fraud in making the entries or in destroying the supporting memoranda, and (f) perhaps, whether the books belong to a third party."
We are of the view that the proceedings here at issue were conducted significantly within the evidentiary guidelines noted above.
White testified that he had called in on the days in question and sought to corroborate his further contention that he actually came to work on May 27th by producing a paycheck for 19 hours of pay for the period ending May 29, 1977. However, Avondale introduced the paycheck stub for that pay period to explain that the 19 hours of pay represented 2 days @ 8 hours @ regular pay for the 23rd and the 24th, and 2 additional hours of overtime for those days (5) time and a half.
The company's attendance records further confirmed White's history of absenteeism: 10 unexcused absences and 27 absences for alleged personal illness during nine months of employment. White did not attempt to refute this record.
Avondale considersand states to its employeesthat repeated absenteeism is a "major offense" and, thus, a clear basis for discharge.
The hearing officer found as a fact that White had a history of tardiness and absenteeism and, specifically, that he was absent and unexcused for at least two consecutive days prior to final discharge. We conclude that the record is sufficient to support that factual finding and that White was properly disqualified. See Persley v. Brown, 160 So.2d 437 (La.App. 2nd Cir. 1964), Goff v. Administrator of the Division of Employment Security of the Department of Labor, 157 So.2d 268 (La.App. 3rd Cir. 1963), and Green v. Brown, 136 So.2d 147 (La.App. 3rd Cir. 1961). The judgment is affirmed.
AFFIRMED.