393 So.2d 907 (1981)
Morris GASTINELL
v.
Thomas LOCKWOOD, Administrator, Kaiser Aluminum and Chemical Corporation.
No. 11533.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
New Orleans Legal Assistance Corp., James W. Blackman, Marrero, for Morris Gastinell.
Before SAMUEL, REDMANN and BOUTALL, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court affirming the decision rendered by the Board of Review for the Louisiana Department of Employment Security which held that the plaintiff was not entitled to unemployment benefits.
Morris Gastinell was employed by Kaiser Aluminum, Inc., (hereinafter referred to as Kaiser). He was discharged from his position on July 21, 1978 due to a series of unexcused absences from his employment. Thereafter, on August 29, 1978, Gastinell filed a claim for unemployment benefits with the State of Louisiana Department of Employment Security (hereinafter referred to as DES). One month later DES mailed a notice of Claim Determination to Kaiser indicating that Gastinell was entitled to receive unemployment benefits. From this initial determination, Kaiser appealed for review to an appeals referee of DES. A hearing was conducted after which the Appeals Referee reversed the initial determination and held that Gastinell was not entitled to unemployment benefits as the numerous absences amounted to misconduct, which is a permissible grounds for precluding unemployment benefits. From this decision the claimant appealed to the Board of Review of DES. This administrative body affirmed the decision of the appeals referee. Subsequently, Gastinell filed a petition for Judicial Review in Civil District Court in New Orleans. After reviewing the various pleadings and the record in the matter, the *908 district court affirmed the previous decision of the Board of Review. From this judgment, Gastinell has appealed devolutively.
On appeal the issue before us is whether there is sufficient evidence in the record to support a finding that the claimant's absences amounted to misconduct within the meaning of R.S. 23:1601(2) thereby resulting in a denial of unemployment benefits to the claimant.
The record reflects that Kaiser had an absentee control policy which was implemented so as to establish firm guidelines to be used in taking disciplinary action against employees who were excessively absent. The policy in effect at Kaiser is common among commercial operations of this size. Gastinell was familiar with this policy and its procedure as the record indicates that he has used it on numerous occasions in the past. Under this policy an absence is either excused or unexcused. Absences are excused when the employee furnishes notice to the employer in advance or furnishes reasons for the absence upon the employee's return to work which are accepted by the employer. Conversely, an absence is unexcused when no notice is given or the reasons furnished upon return to work are not accepted. Excessive absences can result in a five day suspension, after which the employee may be discharged. Kaiser's policy also provides for a leave of absence for sickness upon proper notice.
The evidence before us reveals that Gastinell began his employment with Kaiser on June 20, 1974. The claimant's employment record indicates that he had a long history of absences up until the time of his termination on July 21, 1978. Prior to 1978, Gastinell has received several warnings from his employer regarding these absences including a 3 day and a 5 day suspension. For the first seven months of 1978, the claimant had 8 excused absences, 12 unexcused absences, and a leave of absence for 77 days. More specifically, Gastinell had a series of unexcused absences beginning from May 12, 1978 and running through May 16, 1978. As a result, the claimant was given a 5 day suspension after which he was discharged on June 6, 1978. Gastinell filed a claim for unemployment benefits with DES which later became moot as he was reinstated by Kaiser on June 17, 1978. The claimant returned to work from June 17-18, 1978. On June 19, 1978 he suffered an illness and was given a 3 day leave of absence through June 22, 1978. Under the Kaiser absentee control policy, Gastinell was to either return to work on June 23, 1978 or give them notice as to his continued absence. Failure to comply with this procedure would result in the beginning of a period of unexcused absences. The employment records kept by Kaiser indicate that the claimant failed to comply with this procedure thereby beginning a period of unexcused absences.[1]
The records further reflect that On June 30, 1978, a message was left by Kaiser personnel with Gastinell's residence to inform him that his leave of absence had previously expired on June 22, 1978. Numerous attempts were made to contact him personally but to no avail. A 5 day suspension period was issued by Kaiser beginning July 14-18, after which Gastinell was discharged. Gastinell then filed his claim with DES for unemployment benefits.
R.S. 23:1601(2) provides that "An individual shall be disqualified for benefits: ... (2) if the administrator finds that he has been discharged for misconduct connected with his employment ..." In Atkins v. Doyal, La.App., 274 So.2d 438, 440 (1st Cir. 1973), the court defined misconduct as, "... an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employee; or negligence in such degree or recurrence as *909 to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Also see: Pilgram Manor Nursery Home, Inc. v. Gerace, La.App., 337 So.2d 660 (3d Cir. 1976). In a disqualification proceeding the employer has the burden of proving a misconduct by a preponderance of the evidence. Payne v. Antoine's Restaurant, La.App., 217 So.2d 514, 517 (4th Cir. 1969); Dorsey v. Administrator, Louisiana Dept. Etc., La.App., 353 So.2d 363 (1st Cir. 1977).
The findings of fact made by the appeals referee of DES were identical to those previously indicated above. The only relevant fact in dispute concerns the failure of Gastinell to give notice to Kaiser following the expiration of his 3 day leave of absence on June 22, 1978. The claimant contends that he spoke with the medical department of Kaiser requesting an extension for his leave of absence. He further contends that this extension was granted. The employment records of Kaiser in evidence indicate that no such conversation was held nor was there any extension permitted. In viewing the contentions of Gastinell and the records of Kaiser, the appeals referee found as a fact that no notice was given to Kaiser on or after June 23, 1978. Since no notice was given, Kaiser placed the claimant on a 5 day suspension, as per their absentee control policy, after which he was discharged. Based on the foregoing the appeals referee disqualified the claimant from unemployment benefits. The appeals referee gave sound reasons for his decision which includes the following:
"Absenteeism in itself does not necessarily substantiate a discharge with legal misconduct unless the absences are without color of excuse or for a frivolous or capricious reason. In this case, the employer had been lenient with the claimant, yet he continued to be absent without proper notification to the employer after being notified of a suspension. Under the circumstances, the document of discharge substantiates legal misconduct within the meaning of the Act."
As previously indicated the decision of the appeals referee was affirmed by the Board of Review of DES. Under R.S. 23:1634 the findings of fact by the Board of Review are regarded as conclusive where they are supported by sufficient evidence. We conclude that the factual findings were supported by sufficient evidence and that Gastinell was properly disqualified. Therefore, we affirm the decision of the trial court.
Our decision is very similar to the one that we reached in White v. Gerace, La. App., 372 So.2d 756 (4th Cir. 1979) wherein an employee was disqualified for unemployment benefits based on a series of unexcused absences after which he was discharged in accordance with the employer's absentee policy. These absences were sufficient grounds for misconduct within the meaning of R.S. 23:1601(2).
AFFIRMED.
NOTES
[1] It should be noted that we were faced with a similar question concerning the admissibility of employment records into evidence in White v. Gerace, La.App., 372 So.2d 756. We find that the circumstances with which the employment records were held admissible in White v. Gerace, supra, are no different from the circumstances presented before us. Therefore, these records were properly admitted.