401 So.2d 520 (1981)
Level EALY, Plaintiff-Appellant,
v.
Herbert SUMRALL, Administrator, Department of Employment Security, State of Louisiana and Sun Furniture Company, Defendants-Appellees.
No. 14571.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
Northwest Louisiana Legal Services by Allan Ray Harris, Shreveport, for plaintiff-appellant.
Willie D. Maynor, Baton Rouge, for defendant-appellee, Department of Employment Security.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
An unemployment compensation claimant appeals a district court judgment affirming a denial of benefits by the Board of Review of the Louisiana Division of Employment Security. We reverse and remand.
*521 According to the record the claimant had worked for Sun Furniture Company as a truck helper and warehouse helper for about 14 years. His usual work week was from Monday through Saturday, with Wednesday off.
Claimant failed to appear for work on Monday, April 2, 1979 and also on the following day. Upon his return to work on Thursday, the claimant was discharged, allegedly for being absent without permission and without giving proper notice, by a manager-trainee who had recently entered the business as a partner.
Claimant's application for unemployment compensation benefits was denied by the agency, the appeals referee and the board of review, based upon the finding that he was discharged for misconduct connected with his employment. The district judge affirmed the ruling of the board of review, stating in his written reasons that claimant was "legally fired."
One basis for disqualifying an individual from receiving unemployment compensation benefits is a finding by the administrator that "he has been discharged for misconduct connected with his employment." La. R.S. 23:1601(2).
Our jurisprudence has defined "misconduct" under the cited statute in part as "an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules." Gastinell v. Lockwood, 393 So.2d 907 (La.App. 4th Cir. 1981); Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir. 1976); Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir. 1973).
The employer has the burden of establishing the disqualifying misconduct of the employee by a preponderance of the evidence which, of course, must be competent. Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2d Cir. 1979); Gastinell v. Lockwood, supra; Dorsey v. Administrator, 353 So.2d 363 (La.App. 1st Cir. 1977).
In this case the employer was represented at the hearing before the appeals referee by its general manager, George Restovich.[*] This witness testified that he was on vacation when the claimant was discharged. Therefore, he could only present hearsay testimony, related to him by the manager-trainee who did the firing, concerning the circumstances surrounding claimant's discharge from his employment. Restovich obviously did not consider that the claimant had committed any flagrant violation of company rules, explaining that he was willing to rehire the discharged employee except "that I would be doing something that I left a man in charge to do."
Claimant, who only had a fifth grade education, testified that his grandchildren from Kansas came in unexpectedly for a visit on Sunday night. He acknowledged missing work the next day without giving prior notice. However, he stated that he went into the store on Tuesday to pick up a refrigerator for his home and while there explained to the manager-trainee:
"I told him my kids went to Kansas City, and they didn't have but 3 days here and I wanted to be with `em `cause they didn't have nowhere to stay."
As pointed out in Banks v. Adm. of Dept. of Employment, 393 So.2d 696 (La.1981), "the word `misconduct' in LSA-R.S. 23:1601 is used to connote intentional wrongdoing.... Thus, an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct. An intent to do wrong must be present."
The primary issue posed by this appeal is whether the record shows that the employer discharged its burden of proving the claimant's disqualifying conduct by a preponderance of the evidence. We find it significant that the general manager, who was the employer's sole representative at the appeals referee hearing, obviously did not believe that the claimant had committed *522 an intentional wrong in failing to appear for work without giving prior notice. Further, if the manager-trainee had considered this a serious infraction of company rules it seems that he would have fired the claimant when he saw him at the store on Tuesday rather than waiting until later. In view of these factors, we conclude that the employer did not discharge its burden of proving the claimant's disqualifying conduct by a preponderance of the evidence.
For these reasons we reverse the judgment of the district court and remand this matter to the Board of Review for entry of an order declaring claimant to be eligible for such benefits as the law provides, all in accordance with this opinion.
NOTES
[*] The record contains a letter written by Restovich to the involved state agency on May 9, 1979 stating that the claimant was discharged "in a fit of temper" by the person left in charge while Restovich was on vacation and that the writer disagreed with the determination of disqualification.