412 So.2d 656 (1982)
Marcia Slagle GUNDERSON, Plaintiff-Appellee,
v.
LIBBEY GLASS and Administrator of the Department of Employment Security, Defendants-Appellant-Appellee.
No. 14781.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1982.
*657 Hargrove, Guyton, Ramey and Barlow by Glenn L. Langley, Shreveport, for defendant-appellant, Owens-Illinois, Inc., d/b/a Libbey Glass.
Sam N. Gregorio, A Professional Law Corp. by James G. Cowles, Jr., Shreveport, for plaintiff-appellee, Marcia Slagle Gunderson.
Willie D. Maynor, Baton Rouge, for defendant-appellee, Administrator of the Office of Employment Sec.
Before PRICE, HALL and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Defendant employer appeals a district court judgment in favor of claimant employee reversing a denial of unemployment compensation benefits by the Board of Review for the Louisiana Office of Employment Security. Claimant answered, asking for damages for frivolous appeal. We affirm the judgment of the district court.
The claimant, Marcia Gunderson, worked for Libbey Glass from April 28, 1979 until she was fired for excessive absenteeism on September 13, 1980. Upon receiving her application, the Office of Employment Security made an initial determination that claimant was entitled to unemployment benefits. The employer appealed to the Appeals Referee for the Office of Employment Security, who held a hearing at which the employer's assistant industrial relations director and the claimant testified. Thereafter the Appeals Referee made the following pertinent finding of facts:
"During 1980 claimant compiled what the employer considered an unsatisfactory attendance record that eventually led to her discharge. All employees were required to call in no later than 30 minutes before the beginning of their shift to report an absence. In January, 1980 claimant was out sick two days and properly called in. She was absent three additional days in February due to illness and also called in. She was given a written warning that she was having an excessive number of absences at that time. Later in February she was again absent for a three day period. The second day of that absence she did not call in until five minutes after her shift started, which was 35 minutes later than allowed to call. This was considered an unexcused absence. As a result, she was given a one day disciplinary lay off upon her return in early March. In April she was late to work one day when she had an accident on the way to work. She called in sick on 4-4 and 4-21-80. On 4-24-80 she was given a disciplinary lay off of three days because of her continued absenteeism. On 5-13-80 she was returning *658 from her honeymoon and her car broke down in East Texas. She called in and was allowed to take one day of her vacation. The next day she still had not gotten her car repaired in order to get to work and called in and asked for another day of vacation but this was denied and counted as an unexcused absence. On 6-5-80 she left work early one day sick. On 6-12-80 and 6-13-80 she called in sick with a cold. On 7-14-80 she was due at work at 11:00 p. m. when her water bed broke. She called in saying she would be about an hour late. Her husband called back about 10:55 p. m. saying claimant would not be in at all that night. On 8-14-80 she called in sick and again on 9-11-80 and 9-12-80. That time she had a cold. Upon her return she was suspended and after reviewing her file she was terminated for her overall attendance record."
The Appeals Referee then concluded that "although most of her absences were for reasons beyond her control and with proper notice to the company, the facts show some of them were not." Consequently, the referee held that claimant was disqualified for unemployment compensation benefits because her discharge was for misconduct connected with her employment. The Board of Review for the Office of Employment Security affirmed the referee's ruling.
Claimant petitioned for judicial review of the decision by the Board of Review. The employer contested this appeal, but the Administrator of the Office of Employment Security answered and joined claimant in requesting that the ruling by the Board of Review be reversed.
In written reasons given for reversing the Board of Review the district court stated:
"It is the opinion of the court that the facts shown in the record of these proceedings do not support a finding of misconduct on the part of the claimant. There is no evidence to support a conclusion that claimant had an intent to do anything wrong. Instead, the record establishes that her absences, although excessive, were beyond her control."
Appellant-employer contends the trial judge erred in finding that the claimant-employee's excessive absenteeism did not constitute misconduct connected with her employment.
One basis for disqualifying an individual from receiving unemployment compensation benefits is a finding that "he has been discharged for misconduct connected with his employment." La.R.S. 23:1601(2).
Our jurisprudence has defined "misconduct" under the cited statute as "an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules." Gastinell v. Lockwood, 393 So.2d 907 (La.App. 4th Cir. 1981); Pilgram Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir. 1976); Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir. 1973). Further, as pointed out in Banks v. Adm. of Dept. of Employment, 393 So.2d 696 (La.1981), "the word `misconduct' in LSA-R.S. 23:1601 is used to connote intentional wrongdoing ... Thus, an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct. An intent to do wrong must be present."
The employer has the burden of establishing the disqualifying misconduct of the employee by a preponderance of the evidence. Ealy v. Sumrall, 401 So.2d 520 (La.App. 2d Cir. 1981); Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2d Cir. 1979).
La.R.S. 23:1634 limits the scope of review in cases of this nature to (1) a determination of whether the findings of fact by the Board of Review are supported by sufficient evidence and, if so, (2) whether the decision of the Board of Review is correct as a matter of law.
There is no question but that the evidence in the record supports the finding that the claimant was guilty of excessive absenteeism. The central issue on appeal is whether that amounted to disqualifying misconduct under the law.
Absence from work without sufficient reason, particularly in the face of *659 warnings by the employer, may amount to willful misconduct so as to preclude an employee discharged therefor from obtaining unemployment benefits. A chronic absence of the employee from work without notice and without permission shows a willful disregard of the employer's interests amounting to misconduct. Goff v. Adm. of Div. of Employment Security, 157 So.2d 268 (La. App. 3rd Cir. 1963).
In Gastinell v. Lockwood, supra, the court affirmed a Board of Review determination that a series of employee absences, including eight excused absences and twelve unexcused absences over a seven month period, constituted disqualifying misconduct. Likewise, in White v. Gerace, 372 So.2d 756 (La.App. 4th Cir. 1979), ten unexcused and twenty-seven absences for alleged personal illness during nine months of employment were classified as misconduct connected with the employment.
The claimant in this case was not discharged for failure to notify her employer of anticipated absences, although the record indicates that she usually gave the required advance notice. The reason given for her termination was excessive absenteeism. The Appeals Referee conceded that "reasons beyond her control" dictated most of those absences. He did not attempt to isolate those few absences that were unexcused, as we are unable to do by our review of the record. Consequently, we cannot say that any of the absences were for frivolous or capricious reasons.
While this employer was fully justified in viewing the series of absences as excessive and in terminating the claimant for that reason, this does not result in an automatic classification of the excessive absenteeism as disqualifying misconduct. In fact, since there was no evidence of a willful or wanton disregard by the employee of the employer's interest, we agree with the trial judge that the excessive absenteeism did not constitute misconduct under La.R.S. 23:1601. Accordingly, the judgment of the district court is affirmed, at appellant's cost.
Damages for frivolous appeal, as requested by appellee, are awarded under La.C.C.P. Art. 2164 only when it clearly appears that the appeal was taken solely for the purpose of delay or that counsel for the appellant does not seriously believe in his legal position. Goad v. May, 376 So.2d 340 (La.App. 3rd Cir. 1979); Frank & Co., Inc. v. Devillier's Foodliner, Inc., 365 So.2d 501 (La.App. 4th Cir. 1978). There was no evidence that this appeal was taken merely for delay purposes, nor was there any reason to believe that appellant's counsel was insincere in his legal argumentparticularly in view of the fact that both the Appeals Referee and the Board of Review had taken the same position. Therefore, we reject the demand for damages for frivolous appeal.
AFFIRMED.