FRED W. JONES, Jr., Judge.
An unemployment compensation claimant appeals a district court judgment affirming a denial of benefits by the Board of Review of the Louisiana Division of Employment Security. For the reasons hereinafter explained, we affirm.
According to the record, the claimant Neal was employed by the St. Francis Medical Center (“St.'Francis”) as a cook in 1968. Over the years he was frequently absent from employment, sometimes excused and often unexcused. During the final year of his employment, 1983, Neal missed 33 days due to illness and 8 days for which he offered no excuse. Several written warnings concerning the unexcused absences were issued by the St. Francis.
*912 Neal missed work because of illness on September 20, 1983 and never subsequently returned to his employment. Although hospitalized for a few days, he was discharged from medical care on October 10, 1983. Despite this, he failed to return to his job with St. Francis. He was finally notified on October 24, 1983 that his employment was terminated because of excessive absenteeism.
Prior to the termination, Neal’s supervisor offered to provide him with counseling services relating to his chronic absenteeism. Neal’s response to this was ambiguous and equivocal. Regardless, he did not return to work. Furthermore, it is clear from the record that Neal was fired for excessive absenteeism, not for failing to attend the counseling sessions.
La.R.S. 23:1634 limits the scope of review in cases of this nature to (1) a determination of whether the findings of fact by the Board of Review are supported by sufficient evidence and, if so, (2) whether the decision of the Board of Review is correct as a matter of law.
We have determined that the Board’s findings of fact are supported by sufficient evidence. Claimant did not object to admission of the time cards at the hearing. Therefore, his contention on this appeal that those cards were hearsay and inadmissible is without merit. Even if objected to, they were admissible under the Business Records exception to the hearsay rule. See White v. Gerace, 372 So.2d 756 (La.App. 4th Cir.1979).
Addressing the question of the law, we note that one basis for disqualifying an individual from receiving unemployment compensation benefits is a finding that “he has been discharged for misconduct connected with his employment.” La.R.S. 23:1601(2).
Our jurisprudence has defined “misconduct” under the cited statute as “an act of willful or wanton disregard of the employer’s interest; a deliberate violation of the employer's rules.” Gastinell v. Lockwood, 393 So.2d 907 (La.App. 4th Cir.1981).
The employer has the burden of establishing the disqualifying misconduct of the employee by a preponderance of the evidence. Ealy v. Sumrall, 401 So.2d 520 (La.App.2d Cir.1981).
Absence from work without sufficient reason, particularly in the face of warnings by the employer, may amount to willful misconduct so as to preclude an employee discharged therefor from obtaining unemployment benefits. Chronic absence of the employee from work without notice and without permission shows a willful disregard of the employer’s interests amounting to misconduct. Goff v. Adm. of Div. of Employment Security, 157 So.2d 268 (La.App.3rd Cir.1963).
We find that Neal’s chronic absenteeism over a protracted period of time, in the face of repeated warnings by his employer, amounts to disqualifying misconduct under the pertinent statute. Consequently, the decision of the Board of Review is correct as a matter of law.
For these reasons, we affirm the judgment of the district court, with costs of appeal assessed to appellant.