JASPER E. JONES, Judge.
This is an appeal of a summary judgment dismissing with prejudice a suit to annul a judgment of possession in the succession of Barton W. Stone allegedly obtained by fraud or ill practices. The plaintiffs-appellants are Evelyn Shipp McKeithen, James E. McKeithen, Mary Deete McKeithen and Mary Jane McKeithen Meredith, heirs of the conditional universal legatee, the late Dr. Arthur Eglin McKeithen. The defendants-appellees are Grover R. Hogan and Aston L. Hogan, nephews of the testator, the late Barton W. Stone.
FACTS
On April 8, 1978, Barton W. Stone executed a last will and testament in which he bequeathed to Arthur Eglin McKeithen all of his interest in a certain promissory note. The remainder of his property was disposed of as follows:
“I will, bequeath and leave all of the remainder of my property, whether real *123 or personal, unto my wife, INEZ S. STONE, there being no forced heirs.
In the event that my wife, INEZ S. STONE, should predecease me, I will, bequeath and leave all of my property, whether real or personal, to ARTHUR EGLIN McKEITHEN, husband of Evelyn Shipp, a resident of Jackson Parish, Louisiana.
I appoint ARTHUR EGLIN McKEITHEN as Executor of my Last Will and Testament, with full seizin and without the necessity of posting bond.”
Barton W. Stone died on July 12, 1984, having been predeceased by Arthur Eglin McKeithen on December 10, 1982, and by Inez S. Stone on February 11, 1984. The defendants, as the only heirs of the testator, opened the succession and probated the will. To their petition for partial possession the defendants attached an affidavit asserting they were the sole heirs of the deceased. A judgment of possession was rendered on March 18,1985 recognizing the defendants as the sole legal heirs of the estate of Barton W. Stone.
On March 20, 1985, the plaintiffs filed a petition seeking to have the judgment of partial possession annulled. They also filed a notice of lis pendens regarding certain property described in the judgment of possession. The petition alleged the judgment was obtained through fraud or ill practice as the defendants knew when they filed the petition for possession that the decedent’s will made the plaintiffs the sole legal heirs.
The defendants filed a motion for summary judgment attaching to it a certified copy of Barton W. Stone’s will and affidavits establishing that he was predeceased by Dr. McKeithen. They also attached an affidavit of death and heirship establishing they were the legal heirs of Barton W. Stone. The plaintiffs presented two affidavits as evidence that the decedent intended to leave his estate to the heirs of Dr. McKeithen. Plaintiffs cited LSA-C.C. art. 1699[1] for the proposition the plaintiffs should inherit the estate because the testator intended that the family of Dr. McKeithen should receive his estate if his wife predeceased him. The plaintiffs argued the conditional bequest in the will mandates that LSA-C.C. art. 1697[2] be construed in conjunction with the codal articles on seizin to conclude that Dr. McKeithen should be deemed to have “survived” the testator. The plaintiffs contend that by this fiction Dr. McKeithen became seized of Barton’s estate upon Barton’s death and thus the Barton estate was transmitted to the heirs of McKeithen. The plaintiffs therefore contend there exists a genuine issue of fact. The defendants argued that there was no need to go beyond the face of the will to determine the testator’s intent as there was no ambiguity in the will and that this was a simple case of the prior death of the universal legatee causing a legacy to lapse.
The trial court agreed with the defendants and sustained the motion. Judgment was rendered dismissing plaintiffs’ suit with prejudice and ordering the notice of lis pendens cancelled.
The plaintiffs have appealed and the defendants have answered.
Plaintiffs’ assignment of error asserts that the trial court was clearly wrong in granting defendants’ motion for summary judgment and presents the following issues for decision:
(1) Are the terms of the last will and testament ambiguous so that extrinsic evidence is admissible to establish the testator’s intent?
(2) Do the codal articles on seizin operate to give the plaintiffs a right to benefit *124 from the fulfillment of the conditional bequest where the legatee dies before the testator and prior to the occurrence of the condition?
The defendants have answered asserting that this court should award them $500 in attorney fees as damages for a frivolous appeal.
We affirm the judgment and reject the defendants’ contention that this appeal is frivolous.
LAW ON INTERPRETING TESTAMENTS AND ESTABLISHING THE INTENT OF TESTATORS
The court shall determine and carry out the intent of the testator if it can be ascertained from the language of a will without departing from the proper significance of the terms of the testament. Succession of Farr, 421 So.2d 941 (La.App. 1st Cir.1982), affirmed, 449 So.2d 433 (La.1983). In determining the testator’s intent, the central question is not that which the testator meant to say but that which he meant by what he said. Bulliard v. Bulliard, 363 So.2d 1343 (La.App. 3d Cir.1978), writ den., 365 So.2d 244 (La.1978). Where there is no ambiguity in the wording of a will there is no legal basis for a reconstruction of its meaning or for considering extrinsic evidence of the testator’s intent. Matter of Moore, 353 So.2d 353 (La.App. 1st Cir. 1977), writ den., 354 So.2d 1382 (La.1978); Succession of Cardone, 271 So.2d 338 (La. App. 2d Cir.1972), writ den., 273 So.2d 300 (La.1978); LSA-C.C. art. 1712.
The plaintiffs do not challenge the validity of the will nor do they question any particular words, phrases or passages as being ambiguous. They do not assert that there is any question as to the identity of the legatee. Their sole argument is that the true intent of the testator was for his estate eventually to vest by testament in the family of Dr. McKeithen. They support this belief by several affidavits submitted at the hearing on the motion for summary judgment.
We conclude that Barton W. Stone’s last will and testament is clear and presents no ambiguity whatsoever.[3] The plaintiffs have no claim to the estate of the decedent because the testator did not state in his will that they were to receive it in the event he was predeceased by Dr. McKeithen. The unambiguous nature of the testament compels the conclusion that the will must be interpreted as written. No extrinsic evidence can be considered to vary the fact that the testator named only Dr. McKeithen to be the recipient of the conditional bequest and because Dr. McKeithen predeceased the testator the bequest to Dr. McKeithen lapsed. See Matter of Moore, supra.
*125 “A testamentary disposition becomes without effect if the person instituted or the legatee does not survive the testator.” LSA-C.C. art. 1697. “Every testamentary disposition made on a condition depending upon an uncertain event, so that in the intention of the testator the disposition shall take place only inasmuch as the event shall or shall not happen, is without effect, if the instituted heir or the legatee dies before the accomplishment of the condition.” LSA-C.C. art. 1698. “Except in the cases presented in the two preceeding articles,[4] every portion of the succession remaining undisposed of, either because the testator has not bequeathed it, either to a legatee or to an instituted heir, or because the heir or legatee has not been able, or has not been willing to accept it, shall devolve upon the legitimate heirs.” LSA-C.C. art. 1709.
The essence of the plaintiffs’ argument is that the existence of the conditional bequest mandates that LSA-C.C. art. 1697 be read in conjunction with the codal articles on seizin.[5] This would result in Dr. McKeithen being deemed to have “survived” the testator by virtue of the plaintiffs’ seizin of the legatee’s estate. As such, the plaintiffs would be entitled to benefit from the fulfillment of the conditional bequest which was that McKeithen was to be the universal legatee if the testator’s wife predeceased him. This argument has no merit.
The plain wording of article 1697, 1698 and 1709 require the rejection of plaintiffs’ argument. The caption of C.C. arts. 1697 and 1698 adds even more clarity to the articles and further supports the conclusion that plaintiffs’ contentions are without merit. The caption on LSA-C.C. art. 1697 refers to the prior death of the legatee as the event that causes the testamentary disposition to lapse. The caption on LSA-C.C. art. 1698 makes it clear that the prior death of a legatee operates to void a conditional bequest.[6]
The codal articles on seizin do not support the plaintiffs’ argument. Seizin is not ownership but the legal investiture of one class of heirs with possession of the succession upon the death of the deceased, enabling the heirs to bring all the actions which the deceased could have brought. Baten v. Taylor, 386 So.2d 333 (La.1979). Although the rule of seizin applies to universal legatees, the extent of the rights of the deceased regulates those transmitted to the heirs. The heirs receive these rights with its defects as well as its advantages. LSA-C.C. arts. 940, 943.[7] The heirs may institute only those actions which the deceased had a right to institute at his death. LSA-C.C. art. 945.[8]
*126 The prior death of the universal legatee voids the conditional bequest and causes the legacy to lapse. A contrary position would attribute a quality to the concept of seizin not supported in the jurisprudence and not approved by statute or legal theory. The fact that Dr. McKeitheii died prior to the testator’s wife is evidence of a defect in the plaintiffs’ right to the conditional bequest. LSA-C.C. art. 1698. The legatee’s death prior to the testator is a separate impediment negating any right to the universal legacy. LSA-C.C. art. 1697. The plaintiffs have no claim to the universal legacy, by seizin or otherwise, as Dr. McKeithen himself had no such right at his death. Cf, Matter of Moore, supra. The trial court was correct in sustaining the motion for summary judgment as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law.
LAW ON DAMAGES FOR FRIVOLOUS APPEALS
Appeals are favored under the law, even if they lack merit, and damages for a frivolous appeal are awarded under LSA-C. C.P. art. 2164 only when it clearly appears that the appeal was taken for the purpose of delay or that counsel for the appellant does not seriously believe in his legal position. State v. Laconco, Inc., 430 So.2d 1376 (La.App. 1st Cir.1983); Gunderson v. Libbey Glass, 412 So.2d 656 (La.App. 2d Cir.1982).
The record does not reveal that the plaintiffs’ appeal was an attempt to delay the enforcement of some obligation. Also, it is not clear that counsel for the plaintiffs does not seriously believe in his legal position, even though it is so totally without merit. We conclude that damages for a frivolous appeal are not warranted.
CONCLUSION
We affirm the judgment and reject the defendants’ claim for damages for a frivolous appeal.

. Art. 1699. Conditional bequest, transmission of inheritance rights of heir or legatee
A condition which, in the intention of the testator, does but suspend the execution of the disposition, does not hinder the instituted heir or the legatee from having a right acquired and transmissible to his heirs.

. Art. 1697. Prior death of instituted heir or legatee
The testamentary disposition becomes without effect, if the person instituted or the legatee does not survive the testator.

. The relevant portions of the will appear as follows:
"LAST WILL AND TESTAMENT
I, BARTON W. STONE, a resident of Jones-boro, Jackson Parish, Louisiana, being of sound mind and wishing to make proper disposition of my property in the event of my death, do hereby make and declare this to be my Last Will and Testament, hereby revoking all prior wills I may have made.
I declare that all my just debts be paid.
I will, bequeath and leave all of my interest in that certain note described as follows to ARTHUR EGLIN McKEITHEN, a resident of Jackson Parish:
A note in the sum of One Hundred Thousand and No/100 ($100,000.00) Dollars, made payable to Barton W. Stone and Inez S. Stone, by Arthur Eglin McKeithen, dated April 1978, and payable as follows: Interest payable monthly; the principal payable on demand at a rate of no more than Twenty Thousand and
No/100 ($20,000.00) Dollars annually.
I will, bequeath and leave all of the remainder of my property, whether real or personal, unto my wife, INEZ S. STONE, there being no forced heirs.
In the event that my wife, INEZ S. STONE, should predecease me, I will, bequeath and leave all of my property, whether real or personal, to ARTHUR EGLIN McKEITHEN, husband of Evelyn Shipp, a resident of Jackson Parish, Louisiana.
I appoint ARTHUR EGLIN McKEITHEN as Executor of my Last Will and Testament, with full seizin and without the necessity of posting bond.
IN WITNESS WHEREOF, I have signed this my Last Will and Testament in the presence of the undersigned competent witnesses on the date first mentioned hereinabove.”

. C.C. article 1707 and 1708 address conjoint legacies and are not relevant to this case.

. LSA-C.C. arts. 940-949.

. Captions of the articles:
Art. 1697. Prior death of instituted heir or legatee
Art. 1698. Conditional bequest, death of heir or legatee before happening of condition

. Art. 940. Seizin of heirs, intestate and testamentary
A succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased person to whom he succeeds.
This rule applies also to testamentary heirs, to instituted heirs and universal legatees, but not to particular legatees.
Art. 943. Seizin; nature and extent of heir’s possession
The right of possession, which the deceased had, being continued in the person of his heir, it results that this possession is transmitted to the heir with all its defects, as well as all its advantages, the change in the proprietor producing no alteration in the nature of the possession.
Thus the extent of the rights of the deceased regulates those of the heir, who succeeds to all his rights which can be transmitted, that is, to all those which are not, like usufruct, attached to the person of the deceased.

.Art. 945. Seizin; actions by heir
The second effect of this right is to authorize the heir to institute all the actions, even posses-sory ones, which the deceased had a right to institute, and to prosecute those already commenced. For the heir, in every thing, represents the deceased, and is of full right in his place as well for his rights as his obligations.