PRESTON H. HUFFT, Judge Pro Tem.
This is a suit for judicial review of an administrative determination that plaintiff is not entitled to unemployment compensation. LSA-R.S. 23:1634.
*1291 FACTS
Plaintiff, Robert Foster, was employed by defendant, Hyatt Regency of New Orleans, as a full-time general cleaner from October 15, 1981, until June 13, 1982. He was discharged for supplying false information on his employment application by not indicating that he had worked for Hyatt Regency previously. The administrative agency of the Louisiana Office of Employment Security determined that claimant Foster was not discharged for legal misconduct connected with his employment as provided in LSA-R.S. 23:1601(2), and therefore was not disqualified from receiving unemployment compensation benefits. The employer appealed and the Appeals Referee reversed the Agency’s determination and ordered that Mr. Foster be disqualified from receiving compensation, finding that he had been discharged because of misconduct connected with his employment. The Appeals Referee found that “claimant willfully and deliberately falsified his application for work” in failing to indicate that he had previously worked for (and been terminated by) Hyatt Regency of New Orleans. The Board of Review and the trial court affirmed The Appeals Referee without written reasons.
Mr. Foster was discharged after approximately eight months of employment with Hyatt Regency because a review of his personnel folder indicated that he had previously worked for Hyatt Regency and had not indicated his previous employment with them on his job application, and was not eligible to be rehired. At the hearing on the matter, the employer’s representative argued that Mr. Foster’s omission on his job application in regard to his previous employment with Hyatt Regency was deliberate.
Mr. Foster testified that he knew of no reason why he could not be rehired by Hyatt. Furthermore, he stated that he had told the employment specialist who assisted him in filling out and reviewing his application that he had previously worked for Hyatt Regency. Mr. Foster claimed that the omission on his application was a non-deliberate oversight on his part as well as the part of the employment specialist.
ISSUE
The primary issue presented for review is whether the record shows by a preponderance of the evidence that Mr. Foster’s conduct disqualified him from receiving compensation benefits.
CONCLUSION
LSA-R.S. 23:1601 provides that:
An individual shall be disqualified for benefits: ... (2) If the administrator finds that he has been discharged for misconduct connected with his employment. ..
The employer bears the burden of proving, by a preponderance of the legal and competent evidence, that an employee was discharged for disqualifying misconduct. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981); Ealy v. Sumrall, 401 So.2d 520 (La.App. 2d Cir. 1981). “Misconduct” under LSA-R.S. 23:1601 has been jurisprudentially defined as:
“an act of wanton or willful disregard of employer’s interests, deliberate violation of the employer’s rules, or disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.” Payne v. Antoine’s Restaurant, 217 So.2d 514, 517 (La.App. 4th Cir.1969).
Foster had been discharged previously by Hyatt in February, 1979 “because of unsatisfactory performance, his inability to follow instructions, conflict with other employees, and poor attitude.” When he applied for employment with Hyatt in October, 1981, he failed to answer this question which was prominently located on the application: “If you have worked for Hyatt before, state where, when, final position, *1292 and reason for leaving.” Hyatt’s employee handbook which was given to Poster when he was employed provided for immediate termination for falsifying his employment application.
The evidence taken by the Appeals Referee consisted of the testimony of Hyatt’s employee relations manager and Foster. When confronted with the application Foster stated that his previous termination by Hyatt was part of a general layoff. He also testified that the lady who took his application in October of 1981 knew he had been a previous employee. He stated:
“.... as far as the box not being checked, it was not intentional, you know. I just didn’t — it appears that I just didn’t fill the box out, complete it. And all I have to say is the interviewer at the time, she knew the exact situation. And that I was a previous employee. It wasn’t any falsification on my part at all.”
The question of whether it was an intentional falsification was one of fact to be determined by the Referee from circumstances and Foster’s testimony. The circumstances indicate that Foster’s failure to answer the question was deliberate because he knew he would not be hired the second time had he disclosed his prior employment. It was up to the referee to observe Foster’s demeanor as a witness and determine if he was telling the truth when he claimed his conduct was unintentional. The Referee’s findings on this issue were as follows:
“The claimant is college educated. The claimant did a complete and thorough job of completing his job application for the Hyatt. In answering the question ‘If you have worked for Hyatt, state where, when, final position, and reason for leaving.’ the claimant left the space blank indicating that he, in fact, had no previous work with the Hyatt. In addition, the claimant provided a complete work experience history when filling out the application listing employers as far back as 1971. The claimant failed to list his 1978 through 1979 tenure of employment with the Hyatt.
[[Image here]]
The facts and evidence as obtained during the hearing are sufficient to warrant a conclusion that the claimant was discharged for misconduct connected with his employment. The document of discharge substantiates that the claimant willfully and deliberately falsified his application for work.”
R.S. 28:1634 provides, in pertinent part:
“.... In any proceeding under this section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
Since the evidence supports the board’s findings this court has no authority to make an opposite finding of fact, that Foster’s misconduct was unintentional, based upon a credibility call contrary to the Referee’s. Black v. Sumrall 413 So.2d 252 (La.App. 4th Cir.1982).
In addition, we find that Foster’s actions constitute misconduct within the meaning of R.S. 23:1601(2) so as to disqualify him from receiving unemployment compensation benefits.
While the unemployment compensation statute should be liberally construed to provide benefits to a qualified claimant it should not be abused so as to provide benefits to a claimant who falsifies his application in order to be employed. Foster had to know that he would not have been hired by Hyatt had he answered the question about his previous employment. By failing to make the disclosure, Foster gained employment and by the time Hyatt discovered that he was previously employed and terminated because of unsatisfactory performance, he attempted to hold Hyatt responsible for unemployment benefits. We find that this is contrary to the spirit and purpose of the unemployment compensation law.
*1293 Accordingly, for the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.