BOWES, Judge,
Dissenting.
I am fully aware that the trial court is mandated to examine the reasons presented by the Board of Review. The scope of appellate review for cases arising pursuant to Louisiana Employment Security Law is set forth in LSA-R.S. 23:1634 as follows:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
The standard of review set forth in LSA-R.S. 23:1634 regarding sufficient evidence has been interpreted previously by the Louisiana Supreme Court. In Banks v. Administrator of Dept, of Employment, 393 So.2d 696 (La.1981), the Court held: “... there must be legal and competent evidence to support the factual findings on which the administrative determination turns.” See also Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La. App. 1 Cir.1983).
I am of the opinion that the board of review’s rendition of the facts is a misrepresentation of the evidence to such a great extent that it is not supported by sufficient evidence for the statutory purposes of LSA-R.S. 23:1634. I am persuaded to this view and to disagree with the majority opinion because the district attorney presented ample evidence to show that Ms. Akins’ dismissal was the result of a long term pattern of misconduct, rather than a single incident precipitated by Ms. Akins’ misfortune as a result of Hurricane Juan.
The record is replete with correspondence and documentation which supports the district attorney’s position. As early as May 1984, Ms. Akins was issued a memorandum which outlined the problems her employer was experiencing with her tardiness, clocking out at lunch time and absenteeism. In April, 1985, the entire staff received a memorandum which outlined the proper procedure for taking leave. Yet, in July 1985, Ms. Akins was the recipient of another memorandum due to her excessive absenteeism and tardiness. Although Ms. Akins’ position was not terminated at this point, these memoranda are indicative of the district attorney’s attempt to offer Ms. Akins every opportunity to improve her employment record.
The record does indicate that some of Ms. Akins’ absences in the fall and winter of 1985 were necessitated by Hurricane Juan, which occurred in October, 1985; however, her procedure for handling the absences was contrary to documented office policy. Ms. Akins was on unauthorized leave without pay from January 2 through January 8, 1986. This action prompted two more interoffice memoranda to be issued from her supervisor to Mr. Denis Ganucheau. One of these memorandums outlined the seriousness of Ms. Akins’ absenteeism and tardiness problem, i.e., from the most recent time frame of forty working days, Janice Akins was absent ten days and tardy twenty-two days.
In my opinion, for the board of review to completely ignore all of the previous problems the employer had with Ms. Akins, and her insubordinate and inexcusable actions during her tenure, and especially the last 40 days of her employment, is simply unjustified in this situation. Ms. Akins’ em *1147 ployer gave her several chances to improve her performance, and this has been carefully documented. As I see it, Ms. Akins made no attempt whatsoever to improve her attitude or attendance performance. The employer in this situation should not be penalized for attempting to give Ms. Akins every opportunity to improve her attendance record. Rather, the board of review should have taken the record in its totality and determined, as did the appeals referee, that her termination was the culmination of a long series of reprimands and complaints by her employer.
This, in my view, constitutes willful misconduct as used to connote intentional wrongdoing. Banks v. Administrator, Department of Employment Security, supra. Further, I find that the legal burden of proof required of the employer to establish willful misconduct of the claimant was proven by a preponderance of the evidence in this case. Ealy v. Sumrall, 401 So.2d 520 (La.App. 2 Cir.1981). Consequently, the facts as presented by the appeals referee are more complete and reliable than those in the shortened and misrepresented form presented by the board of review.
It is unfortunate that Ms. Akins’ home was rendered unlivable by a devastating hurricane, and that she was required to take time from her employment to repair it and eventually move back in. However, her past attendance record, her total disregard for office leave procedure, and insubordination even in this final situation, would leave any employer with no choice but to terminate her position.
I agree with the district attorney. It is my opinion that the misconduct of the employee resulted from a willful and wanton disregard of the employer’s interest, a deliberate and malicious violation of the employer’s rules, and a disregard of standards of behavior (set up and well-published by the employer) which the employer has a right to expect of his employees. No employer should have to tolerate such outrageous and irresponsible conduct from any employee.
Accordingly, for the foregoing reasons, I would reverse the ruling of the trial court and reinstate the ruling of the appeals referee.